# SUPERIOR COURT.

## JUSTUS EARL agt. JOHN CAMPBELL.

An action brought against a seller and purchaser (vendor and vendee) of real estate, to impeach the conveyance on the ground of fraud as to the plaintiff, and subsequently, without bringing the cause to trial, an order is entered discontinuing or dismissing the action as to the purchaser, such discontinuance or dismissal does not bar a new suit against him for the same cause.

A party who has entered into a contract of sale, through an agent, for the purchase of real estate, and made the customary deposit, (ten per cent.,) is not compelled to accept a deed where a notice of *lis pendens* is filed, and actual notice given him of it, impeaching the vendor's title, before he has proceeded further with his bargain.

Where the vendor is fully bound, by his contract of sale, and chargeable within the statute, the *vendee is also bound*, although he has not signed any writing personally, or by an authorized agent.

*New-York Special Term, June,* 1857.

JOSIAH SUTHERLAND, *for plaintiff.*
SAMUEL J. TILDEN, *for defendant.*

HOFFMAN, Justice.   The action is to enforce the specific execution of a contract for the purchase of certain premises, known as No 17, West Thirty-first street, in New-York.   The plaintiff was to give a good and sufficient title, and the defendant to pay the consideration money of $13,000, viz., $1,300 in cash, and the balance in the manner set forth in the complaint.

The memorandum, or contract of sale is as follows:

" Receipt for deposit, $1,300.
                               " New-York, March 23, 1857.
" Received from John Campbell, Esq., $1,300, being ten per cent. of the amount of his purchase at private sale this day, of Baker & Weeks, of house and lot No. 17, West 31st street, for the sum of $13,000, for which good and sufficient title is to be given by the vendor, Justus Earl.

" This payment is made and received in reference to the conditions announced at the sale, and payable to the seller on the return of this receipt to us, indorsed by the purchaser.   Balance payable on the 1st of May, 1857.

                           " BAKER & WEEKS, Auctioneers.


" Terms—10 per cent. down; $6,000 can remain on mortgage for five years, at 7 per cent. half yearly; the balance on or before the first of May, 1857, when possession will be given."


On the 27th of July, 1854, a suit was commenced by the Harlem railroad company against Alexander Kyle and Justus Earl, the present plaintiff, impeaching a conveyance from the former to the latter of the premises in question, on the ground of fraud as against the company.   A notice of *lis pendens* was duly filed.

On the 9th of April, 1857, an order or judgment was made

in that action, whereby it was declared that, by virtue of the separate judgment taken against Kyle, and other matters re-cited, the suit had become discontinued as to the defendant Earl, and was at an end as to such defendant.

On the 30th of April, 1857, another action was commenced against Earl, the present plaintiff, and a *lis pendens* duly filed. It is to set aside the same deed.

1st. The former action was not brought to a trial against Earl, and I am of opinion that the dismissal or discontinuance as to him does not bar a new suit.

2d. Then the most favorable manner, for the plaintiff, in which the case can be presented is to consider it as if a notice of *lis pendens* had for the first time been filed on the 30th of April, 1857. The contract had been entered into on the 23d of March, 1857, and the ten per cent. then deposited with the auctioneer. It was to be completed on the 1st of May ensu-ing. Nothing else had been done towards the consummation of the agreement.

The question, then, is, whether a party who has entered into a contract of sale through an agent, and made the customary deposit, and is to have a perfect title, is compellable to accept a deed when a notice of *lis pendens* is filed, and actual notice given him of it, impeaching the vendor's title, before he has proceeded further with his bargain. I do not think that *Parks* agt. *Jack-son*, (11 *Wend.* 443,) strong as it is, decides the case. That was the case of the ordinary contracts of sale of unimproved country lands, of *possession* actually taken, of improvements made; and the case arose before the act of 1823, as to filing notices in the clerk's office.

The supreme court, and the chancellor in the court of errors, had held the case to be within the general rule as to the effect of a chancery *lis pendens*. But the contrary decision of the court above does not involve a case like the present, where there is nothing but an executory contract to purchase, with the usual deposit.

The case, and the reasons of the case, prove that the prin-ciple was the protection of honest purchasers, who would other-

wise lose their lands and improvements. But a purchaser who is reluctant to run the least risk in completing his purchase, is in a different situation.

It would be manifest injustice to allow the alleged fraudulent vendor to take the purchase money, and the purchaser to hold the land clear. Then if it is said, the purchaser can be made a party, and the money secured until the event of the suit, the answer is, that the party impeaching the sale is not a party to the contract, and may be totally dissatisfied with its terms, and prefer the land which he seeks to recover.

It deserves notice, also, that by the rule of the court of chancery, a plea of a purchase for valuable consideration, without notice, to protect a purchaser, was only available when he had fully completed a contract of sale before such notice. (*Lord Redes. Treat.* 223 ; *Beames on Pleas*, 238.)

3d. It is insisted by the defendant that the memorandum of sale is not sufficient to charge him within the statute.

The law appears to be, that if a vendor is fully bound within the act, the vendee is so, although he has not signed any writing, personally or by an authorized agent. (*Worrall* agt. *Munn*, 1 *Seld.* 244 ; *M'Crea* agt. *Purmort*, 10 *Wend.* 460 ; *M'Whorter* agt. *M'Mahan*, 10 *Paige*, 392 ; *Coles* agt. *Brown*, id. 496 ; *Townsend* agt. *Hubbard*, 1 *Hill's Rep.* 351 ; *Jenks* agt. *Stewart*, 5 *Sand.* 101.)

The provision of the statute of 1813 was, that the contract was void unless signed by the party to be charged. Hence an action for specific performance would lie against a vendor, upon his sole signature to a paper writing, and against a vendee under like circumstances.

The Revised Statutes (2 *R. S.* 135, § 8,) changed the rule so as to require a subscription to a memorandum, or contract, by the party by whom the sale is to be made, or his authorized agent. When this is sufficient, the vendee appears to be bound substantially as by a parol contract. In truth, the doctrine of *Ballard* agt. *Walker* (3 *John. Ca.* 60) appears to be adopted as the law. In the present instance, the receipt states the deposit to have been received from the defendant.

The question, then, is, whether Earl could have been compelled to execute the contract?

His name appears in the written paper as the vendor; and had Baker & Weeks signed as agents, I apprehend the statute would be complied with. (*Townsend* agt. *Hubbard,* 1 *Hill,* 357; *Williams* agt. *Christie,* 4 *Duer,* 29.) If the name of the principal appears, so that the contract is explicitly shown to be with him, and the signature is as his agent it is enough.

And, in my opinion, the signature of Baker & Weeks, as auctioneers, is equivalent to one as agents.

For the reason, however, before stated, the complaint must be dismissed.