## BAKER VS. BEACH.

Where one enters into a written contract to sell and convey land to another upon the payment of certain sums, he is entitled, after a default in any such payment, to a judgment foreclosing the rights of the vendee under the contract, unless the amount due is paid by a day fixed by the court; but not to a judgment directing a *sale* of the land to make the amount due, and requiring the vendee to pay any *deficiency*.

APPEAL from the Circuit Court for *Waushara* County.

In November, 1858, *Baker* entered into a written contract with *Beach*, by which the latter agreed to pay him for certain land in Waushara county, $200 in two equal payments, June 1st, 1860, and June 1st, 1861, with interest, &c.; and after such payments *Baker* was to give *Beach* a deed of the land. On default by *Beach* in the payment of part of the first instalment, this suit was brought to foreclose his equities, and obtain a sale of the lots to pay the amount due on the contract, and a personal judgment against *Beach* for any deficiency. Judgment was entered in accordance with the plaintiff's demand.

*W. C. Webb* and *H. J. Curtice*, for appellant, cited *Button vs. Schroyer*, 5 Wis., 598.

*Truesdell & Root*, for respondent.

*By the Court*, PAINE, J. In *Button vs. Schroyer*, 5 Wis., 598, this court held that in actions of this character, the judgment, instead of being for a sale of the property, should be, that unless the money due was paid in a specified time, the defendants should be barred of all equity of redemption.

This makes it necessary to reverse this judgment, and remand the cause with directions to enter judgment in accordance with that decision.

Judgment reversed, with costs, and cause remanded accordingly.