DANIEL McWILLIAMS, APPELLANT, v. MARTIN LAWLESS ET AL., APPELLEES.

1. **Contract for Sale of Real Estate:** STATUTE OF FRAUDS. A memorandum of a contract for the sale of land which contains the names of the parties, the description of the property, the price, and refers to the ten-year terms of the seller as the terms of sale is sufficient.

2.  **Principal and Agent.** Where an agent is authorized to make
    land contracts in his own name and bind his principal, a memo-
    randum signed in the name of such agent by one duly authorized
    is sufficient.

APPEAL from Otoe county. Tried below before
POUND, J.

*Marquett, Deweese & Hall*, for appellant, cited: Brown
on Statute of Frauds, § 370.  *Colman v. Garrigues*, 18
Barb., 66.  *Underwood v. Hitchcox*, 1 Ves., Sen., 279.  1
Greenl. on Ev., § 268.  *Morton v. Dean*, 13 Metcalf,
386.  *Wright v. Weeks*, 25 N. Y., 153.  *Poland v. O' Con-
ner*, 1 Neb., *supra*.  2 Parsons on Contracts, 552.  *Smith v.
Finch*, 8 Wis., 245.  *Horn v. Luddington*, 32 Wis., 75.
Pomeroy on Specific Performance, § 165, *et seq.*, page 223.

*M. H. Sessions* and *T. B. Stevenson*, for appellees, cited:
Sugden on Vendors, 193, 200, 201, 203, 205.  *Barry v.
Coombe*, 1 Pet., 640.  *Bryant v. Boose*, 55 Ga., 438.  *Hur-
ley v. Brown*, 98 Mass., 545.  *Hull v. Noble*, 40 Me., 549.
*Gartrell v. Stafford*, 12 Neb., 545.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff
against the defendants to recover the possession of the east
half of the south-west quarter of sec. 29, town 9, range 9
east, in Otoe county.  On the trial of the cause a jury was
waived and the cause tried to the court, which found in
favor of the defendants and dismissed the action.

It appears from the record that on the 12th day of May,
1880, the defendant Lawless, by an agent, made a proposi-
tion to the B. & M. R. R. Co. to purchase said land as
follows:

" Application to buy land in Nebraska of the Burling-
ton and Missouri River Railroad Company in Nebraska,

to be sent by first express with proper payment to land department for approval.

"LINCOLN, May 12th, A.D. 1880.

"Application is hereby made to purchase the east half of the south-west quarter of section twenty-nine, township nine, range nine east of the sixth principal meridian, in Otoe county, Nebraska, containing as per United States survey eighty acres, at $9 per acre, on the following terms, to-wit: The ten years credit terms No. 1 of said Burlington & Missouri River Railroad Company in Nebraska, for the year 1880 as published by said company in its circulars and advertisements subject to taxes for the current year, and thereafter, and as fully set out in the regular land contract of said company, which contract I hereby agree to sign in duplicate as soon as the same is prepared.

"Make contracts in name of Martin Lawless. Contracts to Martin Lawless, at Lincoln, Neb.

"(*Applicant's signature*) MARTIN LAWLESS.

"By JOHN McGINNITY."

Also the following attached to said application, "Sold by local agent 80 acres at $9 per acre amounting to $720, cash sent herewith as per local agent's receipt 710—$20—30 days," etc.

The purchaser then received the following:

"Land Department of the B. & M. R. R. Co. in Nebraska.

"$20.          LINCOLN, NEBRASKA, May 12, 1880.

"Received of Martin Lawless twenty dollars as forfeit to guarantee the payment of the balance of the first installment of interest within 30 days from date with interest at 10 per cent per annum on E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, S. 29, T. 9, R. 9 E., at $9 per acre—10 years credit.

"J. D. McFARLAND,

"*Land Commissioner.*

"F."

Blank contracts in duplicate were also sent by the land

department to Lawless, and by him signed and returned. On the 7th of June, 1880, McGinnity for Lawless paid $23.20 in addition to the sum formerly paid, being the first year's interest, and received the following receipt: '

" Land Department of the B. & M. R. R. Co., in Nebraska. " $43.20.        LINCOLN, NEBRASKA, June 7th, 1880.

"Received of Martin Lawless, forty-three and 20 hundredths dollars, being first payment of interest on application to purchase E. half, south-west quarter of section No. 29, town 9, range 9 east of the 6th P.M., according to our credit terms No. 1 as stated in said application.

" J. D. McFARLAND,

" <i>Land Commissioner.</i>

"By J."

Through the neglect of the person making the sale to Lawless no entry of the same was made on the books of the land department.    On the 13th of May, 1880, Lawless leased the land for three years to one McGinnity, who took possession of and cultivated about 12 acres of said land and erected a stable thereon, etc.    On the 2d day of June, 1880, the plaintiff purchased the land in controversy from the B. & M. Co., but the testimony shows that he had actual notice of the defendant's rights, and is not a <i>bona fide</i> purchaser.

On the evening of June 7th, the double sale was discovered.    Thereupon a letter was sent to McGinnity as follows:

"LAND DEPARTMENT, BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA.

" LINCOLN, NEB., June 8th, 1880.

"J. D. McFarland, Land Commissioner.    W. W. Peet, Assistant Land Commissioner.

<i>" John McGinnity, Esq., Palmyra, Nebraska:</i>

DEAR SIR—We have just discovered an error on our part which seldom happens to us, but nevertheless did happen

this time. The E ½, S. W. ¼ of 29–9–9 E, has already been sold to other parties and we cannot let your friend Lawless have it.

"We enclose a draft for $43.20, amount received on his application.

"The mistake happened during an absence of the sales-man, when other clerks not so well accustomed to that part of the work attended to it and made an oversight in this case, for which we are sorry. The reason we now de-cide in favor of the other parties is that they came here all the way from Wisconsin and went home satisfied that this land was theirs, while in the case of Mr. Lawless he has never seen the land and has not made a trip out here to select it, and will only be disappointed, but not out any traveling expenses.

"Acknowledge receipt. Yours Truly.

> "J. D. McFARLAND,
> "*Land Commissioner.*
> "C. J. E."

Lawless and his agent refused to receive the draft. The testimony shows that all land contracts were signed in the name of the land commissioner, McFarland, and it is not denied that the person signing his name to the con-tract in question had authority to do so. In fact the testi-mony shows that he had such authority. The only ques-tion for determination therefore is, is the memorandum of the contract sufficient under the statute of frauds? The memorandum shows the names of the parties, the descrip-tion of the land sold, the price, and provides in effect that the terms of payment shall be according to the ten-year term of the company. No particular objection has been pointed out to this memorandum, and in our opinion it contains all that the statutes requires. It is not necessary, where an agent entrusted with the sale of land as McFar-land was in this case, should sign the name of his principal.

If he signs in his own name, parol evidence is admissible to show the agency and charge the principal on the contract. *Dykers v. Townsend*, 24 N.Y., 57.    *Salmon Co. v. Goddard*, 14 How., 447–455.    *Curtis v. Blair*, 26 Miss., 309–324. *Williams v. Woods*, 16 Md., 220.    *McConnell v. Brillhart*, 17 Ills., 354.    *Johnson v. Dodge*, Id., 443. *Williams v. Bacon*, 2 Gray, 387.    *Merritt v. Clason*, 12 Johns., 102. 2 Smith's L. C. (6th Ed.), 316.    The memorandum, therefore, was sufficient.    The land department seems to have recognized the validity of the defendant's claim by assigning as a reason for giving the contract to the plaintiff, that he had come here from another state and had incurred considerable expense in so doing, while the defendant had been at no expense in purchasing the land.    However meritorious such conduct may be as between individuals, legal rights are not to be determined in that manner. There is no error in the record and the judgment is affirmed.

. JUDGMENT AFFIRMED.

THE other judges concur.