Gardels v. Kloke.

AUGUST GARDELS v. ROBERT F. KLOKE ET AL.

FILED MARCH 29, 1893.    No. 4712.

1. **Statute of Frauds**: MEMORANDUM OF CONTRACT TO PURCHASE REAL ESTATE. A memorandum of an agreement in the form of a receipt which describes the land sold, the price and time of payment, with an admission of the receipt of $25 on the contract, and duly signed by the vendors, is sufficient under the statute.

2. ———: ———: ACCEPTANCE BY VENDEE. Prior to the statute of frauds a parol contract for the sale of land with delivery of possession was valid. The statute has merely changed the common law so that the party to be charged—ordinarily the vendor—

need sign the memorandum. The vendee accepting the same
is bound as at common law.

3. **Contract for Sale of Real Estate:** FORECLOSURE OF VEND-
EE'S RIGHTS: DECREE. An action will lie to foreclose the
rights of a purchaser in a contract for the sale of real estate, and
the court by its judgment may direct the purchaser to comply
with the terms of the contract within a reasonable time to be
named by the court, or order the premises sold and the proceeds
applied to the payment of the judgment.

4. ——: ——: JUDGMENT. The justice and equity of the case
will determine the character of the judgment.

ERROR from the district court of Cuming county.
Tried below before POWERS, J.

*C. C. McNish* and *J. C. Crawford*, for plaintiff in error:

Gardels filed a motion to open the judgment and be al-
lowed to defend, supported by affidavits, showing that as
soon as summons had been served upon him he had em-
ployed counsel to defend the suit, and that he only failed to
make a defense because he was led to believe that the action
would be dismissed. This motion should have been sus-
tained. (*Haggerty v. Walker*, 21 Neb., 596; *Clutz v.
Carter*, 12 Id., 113; *Blair v. West Point Mfg. Co.*,
7 Id., 146; *Taylor v. Trumbull*, 32 Id., 508; *Griswold
Linseed Oil Co. v. Lee*, 47 N. W. Rep. [So. Dak.], 955;
*Bertline v. Bauer*, 25 Wis., 486; *Stafford v. McMillan*, 25
Id., 566; *Beatty v. O'Connor*, 5 N. E. Rep. [Ind.], 880.)
The petition did not state a cause of action. The receipt
set out in plaintiffs' petition does not amount to such an
agreement for the sale and conveyance of land as will take
the case out of the statute of frauds. Mere part perform-
ance is not sufficient. (*Poland v. O'Connor*, 1 Neb., 50;
*Mushrush v. Devereaux*, 20 Id., 49; *Baker v. Wiswell*, 17
Id., 52; *Guthrie v. Anderson*, 28 Pac. Rep. [Kan.], 164.)
A petition that fails to state a cause of action will not sup-
port a judgment. (*Burlington & M. R. Co. v. Kearney
County*, 17 Neb., 511; *Thompson v. Stetson*, 15 Id., 112.)

*M. McLaughlin, contra:*

Under the statute the agreement need only be signed by him who is to be charged by it. (*Gartrell v. Stafford*, 12 Neb., 552; *Robinson v. Cheney*, 17 Id., 679.) The party to be charged means the person who sells the land. (*Frazer v. Ford*, 2 Head [Tenn.], 464.) The petition is sufficient to support the decree.   A written proposal containing the names of the contracting parties and the terms of the proposed agreement, signed by the vendor, when accepted and assented to by the party to whom the sale is made, is a sufficient memorandum; and the delivery of such instrument as a proposal, and the acceptance thereof and assent thereto by the party to whom it is made, may be proved by parol testimony. (*Reuss v. Picksley*, L. R., 1 Exch. [Eng.], 342; *Sanborn v. Flagler*, 9 Allen [Mass.], 474; *Himrod Furnace Co. v. Cleveland & M. R. Co.*, 22 O. St., 451; *Mc Williams v. Lawless*, 15 Neb., 131.'

MAXWELL, CH. J.

This is an action to foreclose a contract for the sale of real estate.   Personal service was had upon the purchaser, who made default, and at the September term of the district court for Cuming county, a judgment was entered against the purchaser that he pay the purchase money within thirty days, or that said premises be sold as upon execution and the proceeds derived from said sale be brought into court to be applied in payment of said judgment, and that the vendors have judgment for any deficiency that may exist after the sale of said land, etc. Within thirty days from the date of said judgment the purchaser filed a motion as follows:

"Comes now the defendant and moves the court to open up and set aside the decree and default heretofore entered in this case and permit the defendant to interpose his defense for the following reasons, to-wit:

" 1. That the plaintiffs' petition fails to state a cause of action against the defendant.

"2. The defendant has a good, valid, meritorious, and complete defense to the cause of action set forth in the plaintiffs' petition, as is shown by the answer herewith filed, and which defense he did not interpose for the reason that prior to the entering of said decree the plaintiffs agreed with the defendant that they would dismiss their said action, which agreement and promise the defendant relied upon.

"3. Said decree was entered in the absence and without the knowledge or consent of the defendant, and in violation of the plaintiffs' promise that they would dismiss their said action."

He accompanied this motion with an answer, in effect a denial of the facts stated in the petition. A large number of affidavits were filed by both the plaintiffs and defendant, tending to show what was done in relation to the contract and also that the vendors promised to dismiss the action, by reason of which the purchaser failed to make an appearance in the case. These affidavits are about equal in number on behalf of the vendor and vendees, and upon the evidence thus submitted the court refused to vacate the judgment, and from the order overruling the motion the cause is brought into this court.

The principal ground relied upon for a reversal of the case is that the petition fails to state a cause of action. The petition is as follows:

"1. Plaintiffs complain of the defendant for that on or about the — day of February, 1890, the plaintiffs, being the owners in fee of the following described premises, situated in Cuming county, Nebraska, to-wit, the S. W. ¼ of the S. E. ¼ of Sec. 34, T. 22, R. 6 east, except a certain parcel in the northeast corner of said described land, which is platted, recorded, and known as Hugh's addition to West Point, on said days sold the same to the defendant

for the sum of $3,100, and on the same day the defendant paid the plaintiffs on said purchase the sum of $25, and then and there agreed to pay the remainder of said purchase money on the first day of May, 1890.

"2. That on the same day, and after the payment of the said $25 on said purchase, the plaintiffs made and delivered to the defendant, in writing, a receipt and memorandum of said sale and purchase, and the said defendant accepted the same and has ever since retained possession thereof; said memorandum is, in substance, as follows:

"'WEST POINT, NEBR., Febr. —, 1890.

"'Received of August Gardels $25 as part purchase money for the purchase of 35 acres in the S. W. ¼ of S. E. ¼, Sec. 34, T. 22, R. 6 east, Cuming county, Neb., for $3,100, balance to be paid, possession given, and deed delivered May 1st, 1890.          R. F. KLOKE.

"'OTTO BAUMAN.'

"3. The plaintiffs have duly performed all the conditions of said agreement on their part to be performed, and on the 5th day of May, 1890, tendered to the defendant a deed of said premises in pursuance of the terms of said agreement, but the defendant refused and still refuses to accept the same and pay said purchase money or any part thereof. The plaintiffs therefore pray that said defendant be required to perform said agreement and pay plaintiffs the remainder of said purchase money, amounting to the sum of $3,075, with interest from the first day of May, 1890, at the rate of eight per cent per annum, or in case of his refusal to complete said contract, that said premises be sold and the proceeds be applied to the payment of the sum due, and in case a deficiency the defendant be required to pay the same, and for such other relief as justice and equity may require."

The petition seems to state a cause of action. In *Mc-Williams v. Lawless*, 15 Neb., 131, it was held that a memorandum which shows the names of the parties, the

35

description of the land sold, the price and general terms of the sale is sufficient, and the memorandum is only required to be signed by the party to be charged. (*Gartrell v. Stafford*, 12 Neb., 552; *Robinson v. Cheney*, 17 Id., 679.) The object of the statute of Charles II was to prevent frauds and perjuries. Thus, prior to that statute, a parol agreement for the sale of land, with formal delivery of possession, was sufficient. These things could be proved by witnesses of the transaction. This opened a wide field for false testimony. The statute therefore declared that no such contract was enforcible unless the party to be charged had signed a memorandum of the contract. Our statute embodies this feature of the statute of Charles II. In respect to the vendee, the common law remains as before the statute was passed. The acceptance of a memorandum by the vendee is evidence that he has accepted the contract and he is bound thereby. No objection is raised to the form of the judgment nor the judgment for a deficiency. The authority of the court to order a sale of the land instead of rendering a decree of strict foreclosure is undoubted. The parties are before the court and the subject-matter of the suit is within its jurisdiction, and the court may render such decree as may seem to comport with justice and right. In equity, the purchaser of an estate is treated as the owner, and the person holding the legal title as holding the same in trust for his use when he complies with the terms of the contract. The land itself appears to be the remainder of a governmental subdivision after a certain portion thereof had been platted and laid off into town lots, but in any event it is not claimed that the description is indefinite. The question whether a judgment for a deficiency may be recovered does not arise in the case, and will not be considered. As the proposed answer is, in effect, a denial, many of the matters set forth in the affidavits as to fraud in obtaining the judgment do not arise in the case, and if they did, the evidence being so nearly

equally balanced, it would be impossible to say that the ruling of the trial court was wrong.   Upon the whole case it is apparent that there is no reversible error in the record and the judgment is

AFFIRMED.

THE other judges concur.