MARGARET Y. HENDRIX v. JOSEPH BARKER ET AL.

FILED OCTOBER 7, 1896.   No. 6718.

1. **Vendor and Vendee: EQUITY.** In an executory contract for the sale of real estate equity treats the vendor as the trustee of the purchaser and the purchaser as the trustee of the purchase money for the vendor. This rule rests upon the doctrine that equity considers that done which ought to be done.

2. ———: **CONTRACT: LIEN FOR PURCHASE MONEY.** In an executory contract for the sale of real estate the title retained by the vendor is security for the payment of the unpaid purchase money.

3. ———: ———: ———: **FORECLOSURE.** In such a contract the vendor, upon default made by the vendee, may treat the contract as an ordinary real estate mortgage and foreclose it as such.

4. ———: ———: ———: ———: **DECREE.** Where a suit is brought by a vendor to foreclose an ordinary contract for the sale of real estate as a mortgage the character of the decree to be rendered must be determined by the particular facts and circumstances in the case and the equitable rights of the parties.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*Warren Switzler*, for plaintiff in error.

*B. N. Robertson*, contra.

RAGAN, C.

On the 15th of March, 1887, Joseph and George Barker, as parties of the first part, and Margaret Y. Hendrix, as party of the second part, entered into a contract in writing, in and by the terms of which Barker agreed to sell and convey to Hendrix certain real estate situate in the city of Omaha. Hendrix on her part agreed to pay for said real estate $2,700, a part of which was paid on the date of the execution of the contract, and the remainder to be paid in installments of $500 on the 15th day of March of the years 1888, 1889, 1890, and 1891, the deferred installments to draw interest at the rate of eight

28

per cent per annum.  The contract provided: "And the said party of the second part does hereby  *  *  * covenant, promise, and agree to and with the said parties of the first part  *  *  *  to pay the residue of the con- sideration price for said premises."  There was also in said contract the further provision: "These presents are upon the express condition that in case of the failure of the said party of the second part  *  *  *  to perform all or either of the covenants and promises on his part to be performed, then said parties of the first part  *  *  * shall have the right to declare this contract void and thereupon to recover  *  *  *  all the interest which shall have accrued upon this contract up to the time of declaring it void as rent for the use and occupation of said premises, to hold and retain the moneys paid on this contract by said party of the second part as liquidated damages and to take immediate possession of the prem- ises."  Mrs. Hendrix failed to make some of the pay- ments due from her to Barker according to the terms of said contract and thereupon the Barkers brought a suit in the district court of Douglas county against Hendrix to foreclose this contract as an ordinary mortgage.  In their petition the Barkers prayed for an accounting be- tween themselves and Hendrix and for a decree that un- less the amount found due should be paid within a day fixed the interest of Hendrix in said real estate might be sold to make and raise the sum found due, and in case said real estate failed to sell for a sufficient amount to pay the debt found due to them from Hendrix that they might have a deficiency judgment against her for the re- mainder.  The only defense interposed by Hendrix to this action, if it can be called a defense, was that she claimed she was entitled to forego all claim against the Barkers for payment that she had made upon the con- tract, and that they should take possession of the real es- tate and be discharged of any liability to convey it to her. The court, however, treated the contract as an ordinary real estate mortgage upon the premises and made a find-

ing that in default of the payment of the sum found due within a certain date that the interest of Hendrix in the land should be appraised, advertised, and sold to make and raise said sum of money. From this decree Hendrix has prosecuted to this court a petition in error.

1. The counsel for Mrs. Hendrix states his contention here as follows: "The plaintiff in error contends that the court erred in not entering a decree of strict foreclosure as provided by the contract entered into by the parties and erred in entering a decree ordering a sale of the premises over the offer of the plaintiff in error to submit to a forfeiture and strict foreclosure." But the contract between the parties does not provide that Mrs. Hendrix at her option may waive her claim against the Barkers for any payments that she has made on the contract and by releasing them from any obligations to convey the real estate to her be thereby discharged and released from the contract. For the court to have entered such a decree in this case would have been for the court to make a contract for the parties instead of enforcing one made by themselves. The contract does provide that in case Mrs. Hendrix should make default in any of the payments promised by her to be made on the contract, that then the Barkers, at their option, may declare the contract at an end, recover from Mrs. Hendrix the interest accrued on the deferred payments to the date of declaring the contract at an end and retain as liquidated damages all payments made by Mrs. Hendrix on the contract and take possession of the premises. Had the Barkers exercised or attempted to exercise this option it may be that Mrs. Hendrix would be entitled to be discharged from all further liabilities under the contract. But they did not exercise this option or attempt to. We are not prepared to say, notwithstanding the terms of the contract, that had the Barkers attempted to exercise their option that a court of equity at the instance of Mrs. Hendrix and on her offering to comply with the contract would not have interposed and stayed the forfeiture.

But that question is not before us. [The character of the decree to be rendered in such a case as this must be determined by the particular facts and circumstances in each case, regard being had to the equitable rights of the parties in the particular case. (*Gardels v. Kloke*, 36 Neb., 493.) ] Whatever other rights or remedies the Barkers may have had under this contract, we are very clear that the rights and equities of Mrs. Hendrix have not been destroyed or infringed by the decree complained of. It is a well established principle that, where a contract is made for the sale of real estate, equity treats the vendor as the trustee of the purchaser for the land, and the purchaser as the trustee of the purchase money for the vendor. This doctrine rests upon the equitable doctrine that equity considers that done which ought to be done. (*Dorsey v. Hall*, 7 Neb., 460; *Gardels v. Kloke*, 36 Neb., 493; *Church v. Smith*, 39 Wis., 492; *King v. Ruckman*, 21 N. J. Eq., 599; 1 Pomeroy, Equity Jurisprudence [2d ed.], sec. 368; *Fitzhugh v. Maxwell*, 34 Mich., 138.)

2. All the authorities agree that in an executory contract for the sale of real estate the vendor retains the legal title to secure the payment of the unpaid purchase money. In *Church v. Smith*, 39 Wis., 492, the court says: "The vendor of land by an ordinary land contract holds the legal title as security for the unpaid purchase money. (*Sparks v. Hess*, 15 Cal., 186.) And in *Graham v. McCampbell*, 33 Am. Dec., 126, the supreme court of Tennessee says: "We are not able to draw any sensible distinction between the cases of a legal title conveyed to secure the payment of a debt and a legal title retained to secure the payment of a debt. In both cases courts of chancery consider the estate only as security for the payment of the debt, upon the discharge of which the debtor is entitled to a conveyance in the one instance and a reconveyance in the other."

3. And the authorities are harmonious that in an executory contract for the sale of real estate the vendor, upon default made by the vendee, may treat the contract

as an ordinary real estate mortgage and foreclose it as such. In *Fitzhugh v. Maxwell*, 34 Mich., 138, the court said: "A contract for the sale of land conveys to the vendee an equitable title, and the only principle upon which the vendor may sue for his money, and at the same time seek security against the land, is the one which recognizes the analogy to a vendor's lien in cases where the legal title has been conveyed; and the vendee's title can only be divested by a sale. The claim of a vendor in a land contract is but an ordinary money debt secured by the contract, and his proceedings to enforce the lien upon the land should be governed by the analogies of proceedings to enforce other equitable liens and be executed by a sale to satisfy the amount due." In *Gardels v. Kloke*, 36 Neb., 493, this court distinctly held: "An action will lie to foreclose the rights of a purchaser in a contract for the sale of real estate, and the court by its judgment may direct the purchaser to comply with the terms of the contract within a reasonable time, to be named by the court, or order the premises sold and the proceeds applied to the payment of the judgment." (*Vail v. Drexel*, 9 Ill. App., 439.) In *Sparks v. Hess*, 15 Cal., 186, the court said the position of a vendor in an executory contract for the sale of real estate is similar to that of a party executing a conveyance and taking back a mortgage. He "may sue at law for the balance of the purchase money or file his bill in equity for the specific performance of the contract and take an alternative decree that if the purchaser will not accept a conveyance and pay the purchase money the premises be sold to raise such money and that the vendee pay any deficiency remaining after the application of the proceeds arising upon such sale." (*Gaston v. White*, 46 Mo., 486.) The decree of the district court is right and is in all things

                                        AFFIRMED.