Butterfield v. Commercial Cattle Co.

WILLIAM H. BUTTERFIELD ET AL. V. COMMERCIAL CATTLE
COMPANY OF NEBRASKA.

FILED NOVEMBER 2, 1904.   No. 13,555.

Lease: STATUTE OF FRAUDS. A written memorandum, signed by the
party making the lease for a leasehold contract of more than one
year, is competent evidence of a valid contract, when such written
offer has been accepted by the lessor.

ERROR to the district court for Pierce county:  JOHN
F. BOYD, JUDGE.  Reversed with directions.

M. D. Tyler and Douglas Cones, for plaintiffs in error.

Benjamin Lindsay and Barnhart & Free, contra.

OLDHAM, C.

This was a suit in forcible entry and detainer. There
was no dispute as to the questions of fact involved, and at
the close of the testimony the court directed a verdict of
guilty and rendered judgment upon the verdict; and to
reverse this judgment defendant brings error to this court.

The undisputed facts in the record are that for several
years the defendant in the court below had occupied a
large tract of land owned by the plaintiff cattle company
in Pierce county; that, prior to April 20, 1902, defendant
had occupied these premises, known as "The Ranch," under
a written lease for three years, which expired on that date;
that Mr. E. de La Chappelle was the manager of the plain-
tiff cattle company, and resided in Ottawa, Illinois. That
Mr. B. W. Woolverton, a real estate agent who resided in
Pierce county, had exercised a limited agency over plain-
tiff's lands, and had collected the rents from defendant
for several years prior to the controversy. The year before
the expiration of the last written lease, defendant, desir-
ing to procure a further lease of the premises, applied to
Mr. Woolverton for terms on which his lease might either

be renewed or another one entered into. Mr. Woolverton communicated this information by letter to the manager of the company, and, in answer to his letter, received the following communication:

"OTTAWA, ILL., April 30th, 1901.

"B. W. Woolverton, Pierce, Nebraska—DEAR SIR: I have tried to formulate a plan for the best result to be obtained from the ranch. I have carefully noted the report that you sent to me and thank you for the same. To-day, if you can induce Mr. Butterfield to take a three years lease at $850 per annum, reserving the right of selling the parcels not connected with the main body of land, I will accept these terms. As far as the repairs are concerned, the clause adopted by both parties in the old lease ought to be maintained. I wish you can succeed in obtaining Mr. Butterfield's consent to the above conditions and remain,

"Yours truly, E. DE LA CHAPPELLE,

"Manager for Commercial Cattle Company."

When Mr. Woolverton received this communication, he notified Mr. Butterfield of such fact, and showed him the letter, and prepared a new lease, in duplicate, of the premises for three years, including all the terms specified in the letter from plaintiff's manager. Defendant signed each of the duplicate copies of this lease, retained one, and Mr. Woolverton mailed the other to plaintiff's manager, who retained his copy of the duplicate lease for about two weeks, and subsequently declined to sign the same, and served notice on the defendant of the termination of his tenancy, and at the expiration of the notice, defendant having declined to surrender possession, plaintiff instituted the instant case.

It is urged in support of the judgment of the trial court that the lease having been signed by the lessee alone is invalid under the statute of frauds. If defendant's right stood alone upon the written lease which he executed, and which plaintiff subsequently refused to sign, we think this

contention would be well founded. Section 5, chapter 32, of the Compiled Statutes, 1903 (Annotated Statutes, 5954), provides as follows: "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, or any interest in lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." In short, this statute of frauds, which is a statute of evidence, requires that a valid contract of leasehold for more than one year can only be established by a written contract or some note or memorandum thereof in writing, signed by the party who makes the lease. But the question arises, whether the letter from plaintiff's manager is not a memorandum in writing signed by the duly authorized agent of the plaintiff, by which this leasehold contract may be proved. This court has held in numerous decisions that a memorandum may take the form of a written offer signed by the party who is to make the sale or the lease of the land, and when this offer is accepted by the other party there is a valid lease or sale, as the case may be. *Gartrell v. Stafford*, 12 Neb. 545; *Robinson v. Cheney*, 17 Neb. 673; *Gardels v. Kloke*, 36 Neb. 493.

We think there can be little doubt that under the direction of the letter of plaintiff's manager, before set out, Mr. Woolverton would have been fully authorized to have prepared and signed this lease on behalf of plaintiff, and that, if he had done so, plaintiff would have been bound by the contract. But, in any event, when the lease was prepared, it was signed by defendant, and his signature to the lease ratified the terms of the memorandum which were embodied in the contract. The last clause in the letter before set out is: "I wish you (Woolverton) can succeed in obtaining Mr. Butterfield's consent to the above conditions." In accordance with this direction, Woolverton did obtain Butterfield's consent to every condition set forth in the memorandum; and by this act we think a valid agreement was consummated, and that this agreement is

properly evidenced by a memorandum in writing signed by the party by whom the lease was made.

We therefore conclude that the learned trial judge was in error in directing a verdict of guilty, and, as there is no disputed fact in the record, we recommend that the judgment of the district court be reversed and the cause remanded, with directions to the trial court to dismiss plaintiff's petition.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to the trial court to dismiss plaintiff's petition.

REVERSED.