ERNEST ISKE, APPELLEE, V. HENRY ISKE, APPELLANT.

FILED APRIL 3, 1914.   No. 17,618.

1. **Statute of Frauds:** CONTRACT FOR SALE OF LAND. "The statute of frauds only requires the vendor to sign the contract or memorandum thereof, for the sale of lands." *Ballou v. Sherwood,* 32 Neb. 666.

2. **Specific Performance:** CONTRACT FOR SALE OF LAND: SUFFICIENCY. A written agreement for the sale of real estate, in which the land is correctly described, the price stated, with promise to convey upon the receipt of the purchase price, no specific time being fixed, and delivered to the vendee, will, in the absence of fraud or mistake, entitle the purchaser to a specific performance of the contract, if its terms are performed by him within a reasonable time.

APPEAL from the district court for Sarpy county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*I. J. Dunn,* for appellant.

*William R. Patrick, contra.*

REESE, C. J.

This is an action for the specific performance of a written contract for the sale of real estate. The contract is as follows: "In consideration of the sum of $50 I hereby agree to sell to Ernest Iske a strip of land 16½ feet in width across the west side of the southeast quarter of the southeast quarter of section 30, township 13, range 13 east of the 6th P. M., in Sarpy county, Nebraska, to the Platte river, said strip to be measured east of the fence as it now stands, and I agree to deliver to said Ernest Iske a good and sufficient warranty deed to said land upon the payment to me of said sum of $50. Dated this 17th day of April, 1911. Henry Iske." The petition is in the usual form, alleging performance on the part of plaintiff, the tender of the purchase price, and demand for conveyance, with the refusal of defendant to execute and deliver the same. Defendant answered, admitting his signature to the paper,

set out in the petition, but denying that it is a contract for the sale of the land referred to for the consideration named; admitting his refusal to convey the property; alleging that the contract is not mutual and binding upon defendant and plaintiff alike; that no part of the consideration was paid at the time the alleged contract was signed; that there is no provision specifying the exact time the payment was to be made; that the contract is not fair nor reasonable and does not express the real market value of the land; that, if enforced, defendant would be required to tear down and rebuild his fence now standing upon the line of his land; that there is now, and for a number of years has been, a drainage ditch along practically the entire length of the strip described in the petition to protect defendant's land from being overflowed in case of heavy rainfall or high water, and the opening of a road upon the land described would cause the filling up of said ditch and require defendant to dig-another of similar size and capacity, or, should he not do so, he will suffer injury and damage by reason of the overflow upon his land. It is alleged, in substance, that plaintiff and defendant are brothers, and, for the purpose of avoiding unpleasant relations between them, growing out of the location of a road along another line, the agreement in question was made, and, as no consideration was paid at the time, defendant believed that he would not be required to carry out the agreement, if it would prove injurious to him to do so; that defendant would have an opportunity to determine this question before being obligated to convey the land; that plaintiff has no need for a road over the strip of land, as he has no property or interest along or at the end of the road, if opened, his only object being to have an outlet to the Platte river, which the road would not give him. It is also alleged that the petition does not state facts sufficient to constitute a cause of action. Plaintiff replied by a general denial of the unadmitted averments of the answer; admitting the existence of the drainage ditch referred to; alleging that it was "constructed for the specific purpose" of draining land owned by plaintiff situated immediately north of defend-

ant's land; that defendant has permitted vegetation to grow and dirt and trash to accumulate therein, has plowed dirt into the same, lessening its capacity and impairing its utility and usefulness to plaintiff; that its existence is of imperative necessity to plaintiff, and he has no intention of interfering with it in any way. There is an extended portion of the reply giving a history of conditions leading up to the establishing of a road on another line, and the execution of the contract sued upon, but which we do not deem essential to the disposition of this case, and it will receive no further notice. The reason for the purchase of the strip by plaintiff is alleged to be to procure an outlet to water for his stock. The case was tried to the court, which resulted in a finding in favor of plaintiff and decree for specific performance of the contract. Defendant appeals.

As we view the case, the pleadings and evidence took a wider range than is justified by the facts. The contract appears to be legal and enforceable. There is no ambiguity in it. There is no charge of fraud or mistake of fact in its inception, nor any violation of its terms by plaintiff. It is contended by defendant that the agreement is "a mere option given to the plaintiff to buy the land for $50 at some future time, to perform which he did not bind himself and could not have been compelled to perform." Section 5, ch. 32, Comp. St. 1911, provides: "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, or any interest in lands shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." It has been held by this court in a number of cases that such a contract is valid and binding upon both parties, and that it is not necessary that the vendee sign it. If he accepts it he is bound by it. *Gardels v. Kloke,* 36 Neb. 493; *Gartrell v. Stafford,* 12 Neb. 545; *Ballou v. Sherwood,* 32 Neb. 666; *Rank v. Garvey,* 66 Neb. 767.

It will be observed that the contract is, by its terms, an agreement to sell the property described for a stipulated price. The acceptance thereof by plaintiff is an agreement

to buy the identical property for the price named, and he bound himself thereby. There is therefore no want of mutuality. It is alleged in the petition and shown by the evidence that plaintiff performed all the conditions upon his part to be performed, including the tender of the price within a reasonable time after the execution of the written agreement, and that he has kept the tender good. We can see no good reason why the specific performance should have been refused. It can serve no good purpose to discuss the facts which led up to the signing of the agreement, as there is no intimation of deception, fraud, or mistake.

It is shown by the evidence that the land in question is situated in the valley of the Platte river, that water from heavy rains is liable to accumulate upon the lands of both parties, as well as the lands of others, and that a ditch, of the depth of from 3 to 4 feet and some 8 feet wide at the surface of the ground, has been constructed along the strip in question, by which a considerable quantity of the lands of others more remote from the river, and including the lands of both plaintiff and defendant, have long been drained through that ditch, which was constructed in about the year 1885, so that by its long, continual use it has become permanent. By the testimony of defendant, it appears that he fears that plaintiff will close the ditch and allow the lands to be again flooded. Plaintiff declared upon the witness-stand that he had no such purpose, and would not do so. It must be conceded that the ditch, from its permanent character, its long continued use, and the interest in it of both plaintiff and defendant, whose lands have been drained for such a length of time, renders it a permanent improvement of their lands, and plaintiff would have no right to destroy it, and, should he undertake to do so, he would be subject to the process of injunction at the suit of defendant, and to a suit for damages. However, we find nothing in the record indicating such purpose on the part of plaintiff, and no preventive remedy will now be applied.

The decree of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.