Barkhurst v. Nevins.

ROSE and FLANSBURG, JJ., not sitting.

---

E. E. BARKHURST, APPELLEE, V. J. ALBERT NEVINS, APPELLANT.

FILED APRIL 11, 1921.   No. 21271.

1. **Appearance.** When the plaintiff seeks by attachment and garnishment to subject the property of a nonresident defendant to the payment of the debt and to obtain constructive service in the manner provided by law, and when the defendant appears specially for the purpose of objecting to the jurisdiction of the court over his person and his property, and among the reasons assigned therefor disclaims that the garnishee has any money or other property belonging to him, and disclaims any interest or right to the property named in the affidavit of garnishment, such appearance calls for the judgment of the court upon matters outside of the mere question of the jurisdiction of the court, and amounts to a general appearance in the case.

2. **Statute of Frauds: REQUISITES OF MEMORANDUM.** Under our statute of frauds (Rev. St. 1913, sec. 2625) the agreement for the sale of lands may consist of separate instruments, but the statute requires, not only that the contract or some note or memorandum thereof be signed by the vendor, but in the instruments, or some paper to which they refer, the name or some description of the vendee must also appear, so that he can be identified without parol proof.

3. **Evidence** examined, and *held* in part to sustain the judgment.

4. **Remittitur** ordered as a condition of affirmance.

Appeal from the the district court for Greeley county: James R. Hanna, Judge.  *Affirmed on condition.*

*A. L. Bishop* and *Lanigan & Lanigan,* for appellant.

*J. R. Swain* and *John E. Kavanaugh, contra.*

Day, J.

By this action the plaintiff seeks to recover damages for a breach of contract for the sale of certain lands, and also to recover the sum of $1,000, with interest thereon, the same being the advance payment upon the contract of sale.  A jury was waived, trial had to the court, and judgment rendered in favor of the plaintiff for $2,693.33. From the recitals in the judgment it is very clear that the total sum was made up of an award of $1,600 as damages for the breach of the contract, and $1,000 as the advance payment, with interest thereon.  From this judgment the defendant has appealed.

It is first urged by the defendant that the court never acquired jurisdiction over his person, and was therefore powerless to render a personal judgment against him.  It is conceded that no summons was ever served upon the defendant within the state, and that the court acquired no jurisdiction over the person of the defendant, unless it can be said that the so-called special appearance filed by the defendant was in fact a general appearance in the case for all purposes.

It is the rule of practice very well settled by our decisions that a defendant may appear specially and object to the jurisdiction of the court over his person and over his property, and, if the objections are well founded, the service will be quashed.  But it is equally well settled that, if by his special appearance the defendant invokes the power of the court upon any question except the sole question of the jurisdiction of the court, the special appearance will be regarded as a general appearance for all purposes.  Whether this distinction is a salutary one we need not now inquire.  It has been observed almost from

the beginning of our jurisprudence.

The plaintiff sought to aid his action by a process of attachment and garnishment and thus subject the defendant's property to the payment of the debt. To this end he had a process in garnishment served upon Frank X. Diessner and the Security State Bank, alleged debtors of the defendant, and was proceeding to obtain service by publication as prescribed by our practice to acquire jurisdiction over the *res*. The defendant thereupon filed his special appearance objecting to the jurisdiction of the court over his person and over his property, assigning some 18 reasons therefor. In the main the reasons assigned were properly directed to matters pertaining to the question of jurisdiction only. Among them, however, were the following:

"8. That the bond attempted to be given by the plaintiff and approved by the clerk of this court is not a bond, the same never having been signed by any bondsmen whatever."

"10. For the reason that this defendant disclaims that the garnishee, Security State Bank, has any money or other property in its possession belonging to him, and that this defendant disclaims any interest or right to any money alleged in the affidavit of garnishment, and has no knowledge of any such money being left with said bank for him or being placed to his credit therein."

In *Aultman & Taylor Co. v. Steinan*, 8 Neb. 109, the court had before it a question of objections to the jurisdiction of the court by a special appearance, one of the reasons assigned being very similar to the eighth reason assigned in this case, and it was held to. be a general appearance.

In *Fowler v. Brown*, 51 Neb. 414, it was said: "A formal disclaimer, by one made a party defendant to a proceeding *in rem*, of any interest in the subject of the action is not a special appearance for the purpose of challenging the jurisdiction of the court over his person, but is, in substance, a defense requiring the judgment of

the court, and amounts to a general appearance."

While the facts of the above case are not at all similar to the facts in the case before us, we think the principle announced equally applicable to the case in hand, and we therefore hold that, when the plaintiff seeks by attachment and garnishment to subject the property of a nonresident defendant to the payment of the debt and to obtain constructive service in the manner provided by law, and when the defendant appears specially for the purpose of objecting to the jurisdiction of the court over his person and his property, and among the reasons assigned therefor disclaims that the garnishee has any money or other property belonging to him, and disclaims any interest or right to the property named in the affidavit of garnishment, such appearance calls for the judgment of the court upon matters outside of the mere question of the jurisdiction of the court, and amounts to a general appearance in the case.

The second question presented goes to the sufficiency of the telegrams passing between the defendant and his agent, James L. Walsh, to constitute a written contract between the plaintiff and the defendant. It is claimed that the alleged contract is within the inhibition of the statute of frauds.

The written contract, as set out in the petition, upon which the plaintiff bases his right to recover damages for the breach of the contract, rests in four telegrams passing between the defendant and his agent, as follows:

"Oct. 30, 1917.

"Mr. Albert Nevins, Dawson, Minn.

"Can get you eight thousand six-hundred and forty dollars for your land, terms to suit you. Answer at once. James L. Walsh."

"Dawson, Minn., Oct. 31.

"J. L. Walsh, Spalding, Nebr.

"I want twenty dollars per acre for the three quarters. Half cash down. J. A. Nevins."

"J. A. Nevins, Dawson, Minn.

"I have your land sold for twenty per acre. One thousand in hand, thirty-eight hundred March first. First mortgage for forty-eight hundred at six per cent. interest. Wire me what bank you want contract sent to. My commission to be paid out of first payment. James L. Walsh."

"Dawson, Minn.

"Jas. L. Walsh, Spalding, Nebr.

"Send contract Bank of Dawson. Take your commission out of the one thousand dollars. Deposit balance in Security State Bank there. Send me deposit check. J. A. Nevins."

Section 2625, Rev. St. 1913, being a part of the statute of frauds, provides: "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made."

This section of the statute clearly contemplates that the contract, or note, or memorandum thereof in writing, shall contain within itself all of the essential elements which go to make up a contract, and, when essential elements of the contract are lacking, the contract must fail, because essential elements cannot be supplied by parol testimony. There are some exceptions to this general rule, as when there has been a payment of the purchase price accompanied by delivery of possession of the land. In such cases it is generally held that payment of the whole or part of the purchase price, together with a delivery of possession, will take the transaction out of the statute of frauds. Mere payment of the purchase price alone, however, is not sufficient. There is no claim that the case falls within any exception to the general rule. The very purpose of the statute was to prevent such contracts from resting in parol.

There is also no question but that a contract for the sale of land may be made up of several connected instruments, and that the signing by the vendor alone is a suffi-

cient signing to meet the requirements of the statute. *Gartrell v. Stafford,* 12 Neb. 545; *Ballou v. Sherwood,* 32 Neb. 666; *Butterfield v. Commercial Cattle Co.,* 72 Neb. 605; *Iske v. Iske,* 95 Neb. 603. It will be noted, however, that the name of the proposed purchaser is nowhere mentioned in the telegrams; neither is he described in any manner. There is no means of determining who he is without resort to parol testimony, and this the law will not permit. One of the essential elements of a contract is the parties to it, and when but one of them is named, or described, it is fatally defective.

A leading case involving this question, and one frequently cited, is *Grafton v. Cummings,* 99 U. S. 100. In that case the court had before it a contract executed in New Hampshire, and it was considered in connection with the statute of frauds of that state, which requires that the contract or some note or memorandum thereof be in writing and signed by the party to be charged; the party to be charged in that state being the purchaser. The rule announced in the syllabus is as follows:

"In order to satisfy the requirements of the statute of frauds of New Hampshire, the memorandum in writing of an agreement of the sale of lands which is signed by the party to be charged must not only contain a sufficient description of them, together with a statement of the price to be paid therefor, but in that memorandum, or in some paper signed by that party, the other contracting party must be so designated that he can be identified without parol proof."

The opinion of the court was prepared by Mr. Justice Miller, who, in his characteristically clear manner, said:

"The statute not only requires that the agreement on which the action is brought, or some memorandum thereof, shall be signed by the party to be charged, but that the agreement or memorandum shall be in writing. In an agreement of sale there can be no contract without both a vendor and a vendee. There can be no purchase without a seller. There must be a sufficient description of the

Barkhurst v. Nevins.

thing sold and of the price to be paid for it. It is, there fore, an essential element of a contract in writing that it shall contain within itself a description of the thing sold by which it can be known or identified, of the price to be paid for it, of the party who sells it, and the party who. buys it."

The same principle is announced in 25 R. C. L. 655, sec. 288, wherein numerous cases are cited. See, also, *Peoria Grape Sugar Co. v. Babcock Co.*, 67 Fed. 892.

From what has been said it follows that, in an agreement for the sale of lands consisting of separate instruments, our statute of frauds (Rev. St. 1913, sec. 2625) requires, not only that the writing be signed by the vendor, but in the instruments, or some paper to which they refer, the name or some description of the vendee must also appear, so that he can be identified without parol proof.

The record shows, however, that James L. Walsh was the agent of the defendant, and by his express authority received from the plaintiff $1,000 as part payment on the land. From the testimony there seems to be no justifica-. tion whatever for the defendant withholding this amount.

On the record before us we conclude that the defendant entered a general appearance in the case, and that therefore the court had jurisdiction over his person; that the telegrams set out in the petition, as constituting the contract of sale, are not sufficient under our statute of frauds (Rev. St. 1913, sec. 2625) because the name or description of the purchaser is entirely lacking, and that the name of the purchaser cannot be supplied by parol; that to the extent of $1,000, with interest thereon from October 31, 1917, the evidence supports the judgment.

If the plaintiff, within 20 days, file a remittitur of $1,600, with interest, the same being the part of .the judgment for damages for the breach of the contract, the judgment of the district court will be affirmed; otherwise, the judgment will be reversed and the cause remanded.

AFFIRMED ON CONDITION.