81 311
113 198

## JULIA DUCETT v. BALTHAZAR WOLF.

*Statute of frauds—Contract for sale of land—Promise of vendee—
Consideration.*

An agreement to convey land, not binding under the statute of
frauds, furnishes no consideration for a promise by the pro-
posed grantee to pay the purchase price.

Error to Wayne. (Reilly, J.) Argued May 15, 1890.
Decided June 6, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The
facts are stated in the opinion.

*Harry F. Chipman* (*William Look,* of counsel), for
appellant.

*A. C. Angell,* for defendant.

CAHILL, J. This was an action of *assumpsit* for the
purchase price of lands claimed to have been sold by the
plaintiff to defendant. The plea was the general issue.
The court directed a verdict for the defendant.

The sole question in the case is as to whether the
alleged agreement for the purchase and sale of the land
was within the statute of frauds.

The facts necessary to be stated are as follows: On
Saturday evening, March 23, 1889, the defendant,
Balthazar Wolf, called on Julia Ducett, the plaintiff, for
the purpose of purchasing the land in question. After
some time spent in bargaining, Mrs. Ducett agreed
to sell, and Wolf agreed to purchase, the land for $1,500.
No memorandum of the agreement was reduced to writ-
ing at that time, nor was any money paid; the parties
agreeing to meet at office of William Look, at that time

attorney for Wolf, on Monday morning, March 25, where a deed was to be drawn. On Monday morning, the wife of defendant, at his request, appeared at the office of Mr. Look with a portion of the purchase money, $500, which she offered to pay over on account. Mr. Look advised her not to pay the money until a fuller abstract of title was furnished, insisting that a certain tax title against the property should be conveyed to Wolf, and that an abstract of title should be furnished.

While the parties were in Mr. Look's office on Monday morning, a warranty deed was drawn up and executed by Mrs. Ducett, and left with Mr. Look, Mrs. Wolf agreeing that, when Mr. Look should be satisfied with the title, the entire purchase money should be paid. The next day an abstract of title was furnished, and Mr. Look announced himself, after examining the title, to be satisfied with it. A conveyance of the tax title was also made to Wolf, and left with Mr. Look. Mrs. Wolf, at the time of these negotiations on Monday morning, had no written authority from her husband to act for him, but she went by his direction, and pursuant to an agreement made by Wolf on the Saturday evening previous, that he would send his wife to conclude the bargain. On March 26 the deed from the plaintiff, and also the tax deed, were tendered to defendant, and the purchase price demanded. He refused to accept the deed, or to pay any money. The plaintiff, during these negotiations, and up to the time of the trial of this suit, remained in possession of the premises.

This transaction was clearly within the statute of frauds. How. Stat. § 6181, provides as follows:

"Every contract * * * for the sale of any lands * * * shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be

made, or by some person thereunto by him lawfully authorized in writing."

It is said by plaintiff's counsel that the execution of the deed by the plaintiff, and leaving the same in the possession of Mr. Look, to be by him delivered to the defendant, was such a memorandum in writing as would take the contract out of the statute of frauds.[1] This would not be true, even if the authority to Mr. Look to accept the deed on behalf of the defendant was clearly shown; but the arrangement on Monday morning did not contemplate that Mr. Look should close the transaction for the defendant. Mrs. Wolf left no money with Mr. Look to be paid to the plaintiff when he should be satisfied with the title. The matter was left upon her promise, and her husband's promise, that they would take the property whenever Mr. Look should so advise. There was no consideration for this promise, except the promise of the plaintiff to convey the land to them; but, as this promise of the plaintiff was not binding upon her until the deed was actually delivered and accepted, it could furnish no consideration for the defendant's promise to pay the money. The principles involved have been so often before this Court that we need discuss them no further. *Liddle v. Needham*, 39 Mich. 147; *Kelsey v. McDonald*, 76 Id. 188.

The judgment is affirmed, with costs.

The other Justices concurred.

[1] Counsel cited *Allen v. Atkinson*, 21 Mich. 362; *Curran v. Rogers*, 35 Id. 225; *Francis v. Barry*, 69 Id. 311.