GRAY, J.
The appellants advance several grounds in support of their appeal from the judgment. They argue that it was not competent for the court to grant this relief inasmuch as the issue tendered by the pleadings was the plaintiffs’ right to an injunction. I think, however, that, with all the facts before the court, upon a demand for its. equitable intervention, it had jurisdiction to administer such equitable remedies as the merits of the case justified. It was a most familiar principle of chancery procedure that where the court in equity obtained jurisdiction for the purpose of injunction and was in full possession of the merits, it would retain the suit in order to complete justice between the parties and that principle seems quite applicable here.
It was clear that relief by way of injunction was not proper to be granted, with such an agreement as the basis, for any intervention by the court; but it was equally clear that if the agreement was valid and constituted a charge upon the defendants’ premises, its obligation might be enforced in this particular way. Either the agreement was a common law obligation, personally enforceable by ordinary action, or it was an instrument which impressed with a lien the lands affected. In either case the right to-use the wall was absolutely granted, and the obligation to-pay the value of the one-half upon the premises adjacent to those of the builder of the wall, when it was availed of,, if not personally assumed by the adjacent property owner,was enforceable against his land.
It could not be error, and it was not inequitable, for the court to give to the agreement a proper and legal *225 effect and one which would accomplish exact justice between the parties.
This ground of appeal, therefore, need not embarrass us in upholding the judgment below.
Then, I think the objection that the agreement appears to have been executed by but one of the parties to it and, therefore, is invalid, as lacking mutuality, is without force. The instrument, which the plaintiffs produced on the trial in support of their case, though reciting its making by both parties and their desire to authorize either .to erect a party wall, was executed by Arkenburgh, the defendant’s predecessor in the title. We may suppose that the agreement was interchangeably executed and delivered ; but whether the supposition be warranted, or not, the proof of a contract between Arkenburgh and Pinkney did not fail. The question is whether the plaintiffs had proved their case by making out an agreement between their and the defendants’ predecessors in interest for the erection of a wall partly on the land of each; and not whether, for the plaintiffs’ inability to show an actual execution by their predecessor of the instrument evidencing the agreement, they should be precluded from any recovery. I think the proofs supply any such alleged defect in the case. The wall called for by the agreement was erected by plaintiffs’ predecessor in title and there was thus a performance which only the executed contract could have authorized. It was acquiesced in and, in the chain of defendants’ title, the conveyances were made subject to the agreement. There was, therefore, in the existence of such facts, a sufficient proof of the making of this agreement. I do not think it lies in the defendants’ mouths, as the parties sought to be charged with this agreement and standing upon Arkenburgh’s title, to make the objection.
Another objection is that the defendants are not bound by this agreement, inasmuch as there was no reference to it in the conveyance to them. I think the objec *226 tion is utterly without merits. Their grantor, Stein, took subject to the agreement and commenced to erect a house, using the wall for the purpose. The respective rights and obligations of the parties became fixed then. If the agreement constituted a charge upon the defendants’ lands, I think it quite immaterial whether the conveyance of the title to them expressed their subjection to the agreement, or not. The fact could not be changed, and the plaintiffs could not be deprived of any rights which •they may have derived through such an agreement, by an omission in the deed to the adjacent owner; and of this agreement the defendants had constructive notice from its public record, if they did not have actual notice. The defendants took the land and the building in the course of erection upon it.by Stein, subject to a.lien for the payment of half the value of the party wall.
But, and this seems the more important question in the case, the appellants insist that the covenants in the party wall agreement were not covenants which ran with the land, for the reasons that no interest in the land was granted, and that there was no privity of estate between Pinkney and Arkenburgh.
If this agreement was the ordinary one between adjoining landowners for the erection and use of a party wall on their lands, such as it was in the cases of Cole v. Hughes (54 N. Y. 444) and Scott v. McMillan (76 Id. 144), I think we should have to agree with the appellants’ argument. But this agreement is dissimilar, in the -respect that it was expressly agreed that the covenants of the agreement should run with the land. In Cole v. Hughes, upon the authority of which Scott v. McMillan was decided, it was held of the agreement there, that it created a mere privity of contract and not of estate ; and did not impose a burden upon the land, merely because the agreement had relation to land. Both of the cases referred to were actions at law for the recovery of the •value of one-half the wall and they failed, for the reason *227 "that the grantees of the premises, whose former owner .had covenanted for himself, his .heirs and assigns, were -not liable upon the covenant. We do not interfere, in the least degree, with the well settled doctrine of these ■cases, if we give to the present contract a construction -which imposed the burden of its covenants upon the land it concerned.
The question whether á contract having relation to "lands is personal; or whether it constitutes a charge upon "the lands, obviously must be determined by a consideration of the expressed intentions of the parties and of the ■existence of any interest in the land raised by force of :its covenants. Words of grant are not essential to create" "the interest and a covenant may be construed as a grant. Such a construction has been given, where the convenant -related to a right of way over land (Holme v. Seller, 3 Lev. 305).
In Hart v. Lyon (90 N. Y. 663), the contract for the party wall was held unenforceable against a purchaser -at a sale in foreclosure, for being merely a personal obligation ; but the covenant that the expense of repairing, •or rebuilding, the party wall should be borne equally by "the parties, “ their respective heirs and assigns,” was -regarded as a covenant running with the land. The ■court so held in that case, because, as they, say, “ it is •evident that it was the plain import of the instrument that the portion which bound the heirs and assigns should be construed as perpetual and as running with the land.” "Without any other reference to, or discussion ■ of the many cases, which bear upon the subject of the nature of the obligation of a contract, in its connection with land, I think we may rest upon the rule that where the covenant concerns land and is one which is capable of being annexed -to the estate, and it appears that it is the intention of the parties as expressed in the instrument, then it shall be -construed as running with and charging the land there^after.
*228 In the present case, such an intention is evident from the express provisions of the agreement, and I think the effect of the contract clearly was to grant, or to create, an interest in the premises described.
I see no ground for sustaining this appeal, and the judgment should be affirmed, with costs.
All the judges concurred.
Note on Mutuality of Signature, particularly in transactions within the'Statute of Frauds.
The inconvenience of the ancient system of interchangable execution upon indentures, has led to the practice of all careful conveyancers, to take if practicable the signature of both parties to a bilateral contract, and, if each party is-to have a copy, cause each copy to be signed by both.
The signature by one, however, of an instrument accepted and acted on by the other, makes a valid contract,, unless some statute requires more. Spaulding v. Hallenbeck, 35 N. Y. 204.
The principal exceptions to the general rule are those which arise under the Statute of Frauds contained in our Revised Statutes. The precise scope and effect of the technical rules as to the necessity of mutuality of signature,, and the cases in which signature of the plaintiff is essential and signature by defendant not enough, will more clearly appear by reading the provisions of the statute in connection with the Reviser’s notes. The Revisers proposed to-render the statute more strict in this respect, and the Legislature did not concur.
The common law doctrine of the necessity of mutuality is indicated in L’Amoreux v. Gould, 7 N. Y. 349.
Compare Bailey v. Ogden, 3 Johns. 399, and Marie v. Garrison, 83 N. Y. 14; Butler v. Thomson, 92 U. S. 412.
The reason why the want of mutuality is no objection under the statute of frauds, is that the party omits to take-the proper evidence at his own peril. Fenly v. Stewart, 5 Sandf. (N. Y.) 101.
Delivery of the memorandum under the statute of frauds-is not always essential. Argus Co. v. Mayor, etc. of Albany, 55 N. Y. 495.
I. Statute of Fraud j Instruments relating to Real Property.
Instruments giving an interest in lands.\ “ § 6. No estate or interest in lands, other than leases for a term not exceed *229 ■ing one year, nor any trust' or power, over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing." 2 R. S. 135, § 6 (4 Id. 8 ed. p. 2589).
Revisers' note.] [§ 6. Same as enacted, except that the legislature substituted the words “ leases for a term not .exceeding one year" in lieu of “ leases not exceeding three years,” as reported.]
Original note : “This section is intended as a substitute for the 9th, 10th and apart of the 12th sections of the present statute. The first part of the 9th section is unnecessary, since persons taking possession of lands under a parol grant, or by livery and seisin in cases where written conveyances ■are required, as they acquire no title, will of course be tenants at will. The provision has, however, been inserted by the Revisers in another chapter, to which, if proper to be declared at all, it properly belongs. The limitation also of ■the rent on leases for three years is omitted, as in this •country entirely useless, and making the validity of the lease depend on a fact in many cases difficult to be ascertained. The person making the lease is surely a safe judge of the rent to be reserved. Powers relating to lands have been included, in conformity to the' construction which the statute has always received. By the. 12th section declarations ■of trusts must be signed by the party declaring them, but «0 reason is perceived why trusts may not be declared, as well as lands conveyed, by an agent acting under a power in writing."
Oral authority to the agent is not enough. Fougera v. Cohn, 2 City Ct. (N. Y.) 253, McAdam, Ch. J.,Gen. T.
Subscription by the vendors, sufficient to bind them. Bostwick v. Beach, 103 N. Y. 414 ; Worrall v. Munn, 5 Id. 229.
The reciprocal obligation of the purchaser to pay, may rest in oral agreement, and may be proved for the purpose -of recovering it (Thomas v. Dickinson, 12 N. Y. 364), even though the deed expresses a nominal consideration. Tuthill v. Roberts, 22 Hun, 304. But compare Cagger v. Lansing, 43 N. Y. 550.
Leases and contracts of sale.] § 8. Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing *230 the consideration, be in writing, and be subscribed by tlieparty by whom the lease or sale is to be made. 2 R. S. 135,. § 8 (4 Id. 8 ed. p. 2589).
Revisers’ note.~\ § 8, as reported y enacted with important-variations §8 R. S: “ § 8. Every contract for the leasing for a longer period than three years, or for the sale, of any lands, or any interest in lands, shall be void, unless the contract and the consideration thereof shall be reduced to writing, and be subscribed by the party by whom the lease or sale is to be~ made, and unless the person to whom the lease or sale is to-be made shall subscribe such contract, or a counterpart thereof, or at the time the same is executed pay, or give security for the payment of, the purchase money.”
Original note: “ Founded on the nth section of the-present act. Under that section it has been held, among: other things :
“ 1. That a letter or other writing, though written subsequently to the making of the agreement, is sufficient to-take the case out of the statute. This has led to many refinements and distinctions. By omitting the words ‘ note- or memorandum thereof’ and requiring the contract to be-reduced to writing, the language is made more precise, and-, the door closed to the introduction of similar exceptions.
“ 2. That the literal act of * signing ’ is not necessary,, although the statute speaks oí signing.’ After setting out with this principle, the courts found themselves perfectly at Jarge as to what should be considered a signing. To prevent difficulties of this sort hereafter, the revisers propose to-require that these agreements shall be subscribed.
“ 3. That it is sufficient, as against the party sought to-be charged, if the instrument be signed by him ; and accordingly the courts of equity will decree a specific performance of an agreement to sell lands, against the persom who holds the written engagement of the other party signed by him alone, though the latter may be wholly remediless.. Many of the ablest judges in England and in this country-have regretted this rule of construction. (See the remark of Chancellor Kent in 14 Johns. Rep. 489.) The Revisers., have proposed in the above section what seems to them a sound rule.
“ 4. That the consideration of the agreement be in writing. This has been followed in the above.”
Subscription by the lessees, and occupancy by them, is. not enough. Laughran v. Smith, 75 N. Y. 205 ; aff’g 11 Hun, 311.
Subscription by the purchaser not enough to bind hint. *231 for he is not the party by whom the sale is to be made. McWhorter v. McMahan, 10 Paige, 386, 392.
Under the old statute requiring signature by the party to be charged thereby, signature by the other was not required. Ballard v. Walker, 3 Johns. Cas. 60.
Subscription by agenté] §9. Every instrument required to be subscribed by any party, under the last preceding section, may be subscribed by the agent of such party lawfully authorized. 2 R. S. 135, § 9 (4 Id. 8 ed. p. 2590).
Revisers’ note.] [§ 9. Same as enacted, except that the words “ lawfully authorized” were substituted by the legislature for “ authorized by writing,” as reported.] Original note: “ Under the existing statute, it has finally been held that the agent need not be authorized by writing (9 Ves.jr. 250 ; 1 Sch. & Lef. 31). The alteration, it is supposed, will be useful.”
[§ 10 R. S. inserted by the legislature.]
Oral authority to the agent is enough. Moody v. Smith, 70 JI. Y. 598.
II. Contracts relating to Personalty.
Agreements not to be performed within a year; guarantees, etc.] §'2. In the following cases, every agreement shall be void,, unless such agreement, or some note or memorandum thereof, [expressing the consideration,] be in writing, and subscribed by the party to be charged therewith. [The words in brackets were struck out by L. 1863, c. 464.]
1. Every agreement that, by its terms, is not to be performed within one year from the making thereof :
2. Every special promise to answer for the debt, default, or miscarriage of another person :
3: Every agreement, promise, or undertaking, made upon consideration of marriage, except mutual promises to marry. 2 R. S. 135, § 2 (4 Id. 8 ed. p. 2590).
Revisers' note.] § 2. Same as enacted, except that the preliminary clause was reported as follows : “ In the following cases, every agreement shall be void, unless such agreement, and the consideration thereof, be reduced to writing at the time the same is made, and be subscribed by the party by whom it is to be performed, and by all the parties where such agreement contains promises to be performed by each of them.”
Original note. “ Founded on the nth section of the present statute. The principal differences between that and the present one, are :
“ 1. The omission of the words, ‘ or some note or memorandum thereofl
*232 “ 2. The requiring the agreement to be reduced to writing at the time, and to be subscribed.
“3. The requiring the consideration of the agreement to be specified.
“ 4. The requiring the agreement to be subscribed by all parties, where acts are to be performed by each, as to the preceding particulars, see note to § 8, Title 1.
“5. Italics in the 1st subdivision are.conformable to the uniform construction of this clause. 1 Comyn on Con. 87 to 90.
“6. Mutual promises to marry, which seem to be within the words of the present statute, have been excepted by the ■decisions. 1 Lord Ray. 387 ; Strange, 34).”
Subscription of minutes of municipal corporation by the clerk, sufficient to make valid a resolution therein, as an agreement not to be performed within a year. Argus Co. v. Mayor, etc. of Albany, 55 N. Y. 495.
Sales.] § 3. Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void, unless,
1. A note or memorandum of such contract, be made in writing and be subscribed by the parties to be charged thereby ; or,
2. Unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action ; or,
3. Unless the buyer shall, at the time, pay some part of the purchase money. 3 R. S. 136, § 3 (4 Id. 8 ed. p. 2591).
Revisers' note.] § 3 as reported; enacted with material variations, § 3 R. S. “ § 3. Every contract for the sale of any goods, chattels, or things in action, for the price of twenty-five dollars or more, shall be void, unless,
“ 1. A note or memorandum of such contract, containing the names of the parties, a description of the■ things sold, and the price thereof, be reduced to writing at the ti?ne the contract is made and be subscribed by all the parties thereto, or,
“2. Unless the buyer shall at the time, accept and receive part of such goods, or the evidences, or some of them, of such things in action, or,
“ 3. Unless the buyer shall, at the time, pay some part of the purchase money.”
Original note. “Founded on the 15th section of the present act. The italics are new. In addition to remarks in notes to preceding sections, which are applicable to this, it is proper to observe, that the 15th section of. the present act, has the words ‘■actually receive.’ In the above the *233 ■word actually ’ is omitted. It seems to require an actual receipt of some part of the goods, whereas the courts have uniformly held that a virtual delivery is sufficient.
In some cases, the articles sold are of such a nature that no other than a constructive or symbolical delivery is practicable.
The “parties ” sought to be charged, means the same as the “ party ” sought to be charged, viz.: all those on one side of the contract and against whom the other side seek to enforce it. Justice v. Lang, 42 N. Y. 493.
Subscription by the seller only, enough as against him. Davis v. Shields, 26 Wend. 341; Steele v. Taft, 11 Weekly Dig. 30.
Signature by the party seeking to charge the one not signing, is not enough, though shown and assented to Bailey v. Ogdens, 3 Johns. 399, 418.
Subscription by agent.] § 8. Every instrument required by any of the provisions of this title, to be subscribed by any party, may be subscribed by the lawful agent of such party. 2 R. S. 136, § 8 (4 Id. 8 ed. p. 2592).
Subsequent oral promise to pay, made with knowledge, may be a ratification equivalent to original authority. Lawrence v. Gallagher, 42 Super. Ct. (J. & S.) 309 ; aff’d in 73 N. Y. 613.
III. Trusts of real or personal property.
§ 2. Every grant or assignment of any existing trust in lands, goods or things in action, unless the same shall be in writing, subscribed by the party making the same, or by his agent lawfully authorized, shall be void. 2 R. S. 137, § 2 (4 Id. 8 ed. p. 2593)