(10 Misc. Rep. 696.)

### KITTEL v. STUEVE.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

**1. STATUTE OF FRAUDS—SUFFICIENCY OF MEMORANDUM.**

A paper entitled "Memorandum of Sale," attached to the printed terms of sale, which read: "I, H., have this day * * * purchased the premises [giving certain lot numbers] described in the annexed map of sale, for the sum of $14,875, and hereby promise and agree to comply with the terms and conditions of the sale of said premises as above mentioned and set forth," when properly signed, is a sufficient memorandum.

**2. SAME—SIGNATURE BY THE VENDOR.**

The signing of a memorandum of sale by the vendor several days afterwards is sufficient, and it is immaterial that the vendee signed it at the time of sale, his signature not being necessary.

Appeal from equity term.

Action by Joseph J. Kittel against Henry Stueve to compel defendant to accept the fee of the premises described in the complaint, and to pay for the same. The premises in question were among several lots of land sold by auction at Mt. Vernon on June 25, 1892, and defendant bid in at the sale the premises in question. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCH-OFF, JJ.

Louis A. Wagner (Frederic W. Hinrichs, of counsel), for appellant.
Straley, Hasbrouck & Schloeder (John A. Straley, of counsel), for respondent.

DALY, C. J. The defendant objects that the sale of the lots to him at auction was void, because there was no contract, note, or memorandum in writing subscribed by the vendor or his authorized agent. 2 Rev. St. p. 135, § 8. Immediately after the auction sale, the defendant signed the following memorandum, which was attached to the printed terms of sale:

### "Memorandum of Sale.

"I, Henry Stueve, have this 25th day of June, 1892, purchased the premises, lots No. 20, 21, 24, 25, 27, 28, 29, 30, 31, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45, described in the annexed map of sale, for the sum of fourteen thousand eight hundred and seventy-five dollars, and hereby promise and agree to comply with the terms and conditions of the sale of said premises, as above mentioned and set forth.
"Dated at Mount Vernon, June 25th, 1892.
"Henry Stueve, Purchaser."

The memorandum so signed by the purchaser was left by him with the attorneys of the vendor, and was subsequently, at a later date, subscribed by them, on behalf of their principal, by his authority. This was a sufficient memorandum of the contract to satisfy the statute. The paper being entitled "Memorandum of Sale," and subscribed, "Joseph J. Kittel, Owner, per Straley, Hasbrouck & Schloeder, Attorneys," and containing the name of the purchaser, the price at which he 'bought the lots, and a sufficient identification of them by map numbers, together with a reference to the terms and conditions of the sale in a paper to which the memorandum was attached, it contained all the essentials of a valid note or memorandum, viz. the parties to the contract, by sufficient identification, the subject-matter, the price, and the terms of sale. 8 Am. & Eng. Enc. Law, 724, 726. The writing was not itself the contract of the parties, because that was effected by the sale at auction. It was merely the note or memorandum of the contract on the part of the vendor required by the statute. It was not material that the owner did not subscribe at the time of the sale, and it was not material that the purchaser should subscribe at all in order to effect a sale. The note or memorandum, if signed by the vendor alone, at any time after the sale, satisfies the statute. 3 Pars. Cont. 8, note, and cases; Mott v. Oppenheimer, 29 Abb. N. C. 228, note (31 N. E. 1097); Sievewright v. Archibald, 17 Q. B. 107, 79 E. C. L. 102, 114; Webster v. Zielly, 52 Barb. 482; 8 Am. & Eng. Enc. Law, 715; Earle v. Campbell, 14 How. Pr. 330.

In this case the memorandum in question was signed by the purchaser at the time of the sale, and it is claimed that it was insufficient as a written contract, for want of the name of the vendor, and that the subsequent addition of his name, with the description "owner," not only did not make it a good contract, but actually

destroyed it, as the contract of the vendee, by the material addition or alteration so made. As originally executed by the purchaser, it was insufficient, because it did not contain the name of the vendor. Calkins v. Falk, 1 Abb. Dec. 291; Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044; Marston v. French (Com. Pl. N. Y.) 17 N. Y. Supp. 509. And it is quite certain that, if his written contract were necessary, it could not be made valid by the subsequent addition of the name of the vendor, either in the body of the instrument, or in the subscription by the latter, except with the purchaser's consent. But the statute does not require that the contract should be in writing, and subscribed by the vendee, and the defects in the instrument, as originally signed by him, are therefore immaterial. The paper became of no effect whatever until the vendor subscribed it, and it then became his note or memorandum of the contract, and, as such, satisfied the statute.

The contention of the defendant that the terms of sale are inconsistent, and impossible of execution, is without merit. The terms of sale prescribed for the payment of 10 per cent. of the purchase money to the auctioneer, 10 per cent. at the time of delivery of the deed, and the balance, 80 per cent., to be secured by a bond and mortgage, payable as follows: 10 per cent. in 30 days, 10 per cent. in 60 days, 10 per cent. in 90 days, and the remaining "sixty per cent." in three years. As the balance was but 50 per cent., it is claimed that the terms are impossible of performance; but, as there was manifestly only a clerical error in writing "sixty per cent." instead of "fifty per cent.," it might be disregarded, unless the purchaser claimed the benefit of a larger sum remaining on bond and mortgage, in which case the court might have so ordered, he being entitled to any benefit he chose to claim from the ambiguity of the conditions of sale. He expressed no preference, however, in this case, and cannot complain of the judgment awarded, which gives him the utmost allowance he could ask for. The judgment should be affirmed, with costs. All concur.