(52 Misc. Rep. 382)

### BOEHLY et al. v. MANSING.

(Supreme Court, Equity Term, Monroe County. December, 1906.)

1. FRAUDS, STATUTE OF—SALE OF REAL ESTATE—SUFFICIENCY OF MEMORANDUM.

　Where the owner of land signed a memorandum stating that he had received from a person named a specified sum as part payment on the land, describing the same, and that the price was to be a certain sum, it was a sufficient memorandum, within Real Property Law, Laws 1896, p. 602, c. 547, § 224, making a contract for the sale of land void unless there be some memorandum thereof, expressing the consideration, subscribed by the grantor.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 210–236.]

2. VENDOR AND PURCHASER—CONTRACT—MUTUALITY.

　Where the owner of land signed a memorandum sufficient to satisfy the statute of frauds, and the purchaser agreed to take the property and pay the purchase price, though the purchaser's promise was oral, the contract was mutually obligatory, and enforceable by either party against the other.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 24.]

3. SPECIFIC PERFORMANCE—PERSONS ENTITLED TO REMEDY.

　The remedy of specific performance is open, not only to the vendee in a contract for the sale of the land, but to the vendor.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 38.]

Action by Jacob J. Boehly and another against John W. Mansing for a specific performance of a contract to purchase land. Decree for plaintiffs.

Morris L. Stern, for plaintiffs.
George E. Warner, for defendant.

SUTHERLAND, J.   The evidence shows that on or about March 27, 1906, the defendant offered plaintiffs $4,000 for the premises. owned by them, which offer the plaintiffs accepted, and it was agreed that the transfer was to be consummated May 1st, and out of the purchase price the defendant was to be credited with $2,200, the amount of an outstanding mortgage, which was to be assumed by the purchaser.   The defendant did not contradict the evidence offered by the plaintiffs as to the making of the contract, and the sole defense is that the defendant was not bound to complete the purchase; he not having signed any written agreement therefor.

The plaintiffs, the owners of the premises, did sign a memorandum, which was written by the defendant and reads as follows:

"March 27, 1906.

"Received from John W. Mansing Ten dollars ($10) as part payment on my hole place on the R. W. O. Railroad on Clifford St. if lot that was take for Street is given back by city it is to go to John W. Mansing.

"The price to be four thousand dollars (4,000).   This go in afect the 1st of May, 1906.                                        Jacob Boehly.

"Rose Boehly."

The defendant paid the $10 referred to in the memorandum and took the paper away with him.   He not only absolutely promised to make the purchase and pay the price stated, but endeavored afterwards to sell the premises to a third party, representing himself as the purchaser thereof.

The contract thus made between plaintiffs and defendant is mutually enforceable, although the written memorandum thereof was signed only by the owners of the land to be sold.   Real Property Law, Laws 1896, p. 602, c. 547, § 224, says:

"A contract for the leasing for a longer period than one year or for the sale of any real property or an interest therein, is void, unless the contract or some note or memorandum thereof expressing the consideration. is in writing, subscribed by the lessor or grantor, or by his lawfully authorized agent."

The memorandum signed by the grantors seems to cover the essential features required by the statute; and, it being shown that the defendant promised to take the property and pay the consideration named, the fact that he did not sign the memorandum is no defense. Earl v. Campbell, 14 How. Pr. 330; Webster v. Zielly, 52 Barb. 482; Briggs v. Partridge, 64 N. Y. 357, 363, 364, 21 Am. Rep. 617; Kittel v. Stueve, 10 Misc. Rep. 696, 31 N. Y. Supp. 821.

The learned counsel for the defendant has cited numerous cases holding that a contract for the sale of land cannot be enforced, unless it is mutual and obligatory upon both vendor and vendee, and there is no dispute as to the soundness of this proposition.   It does not follow, however, that a contract cannot be obligatory upon the purchaser unless he expresses his assent thereto by signing his name. Omission by the purchaser to sign might be strongly indicative of an intention to treat the contract as a mere option; but, if the owner of the land signs the contract or memorandum, so as to satisfy the statute quoted above, and the purchaser unreservedly agrees to take the property and pay the purchase price, although his promise is expressed

by word of mouth only, the contract is mutually obligatory, and can be enforced by either party against the other.   It will be observed that the dictum in the opinion of Judge Gray in Palmer v. Gould, 144 N. Y. 671, 39 N. E. 378, referred to by defendant's counsel as asserting the nonliability of a vendee who has not signed a written contract, is not concurred in by the other members of the court.   See page 684 of 144 N. Y., page 378 of 39 N. E.   The remedy of specific performance is open to the vendors.   Crary v. Smith, 2 N. Y. 60; Brown v. Haff, 5 Paige, 240, 28 Am. Dec. 425.

Accordingly the plaintiffs are entitled to a decree for specific performance in the usual form, with costs of this action.

