[L. A. No. 2298.   Department Two.—August 31, 1909.]

## CARRIE HARPER, Appellant, v. H. H. GOLDSCHMIDT, Respondent.

SPECIFIC PERFORMANCE—EXECUTORY CONTRACT FOR SALE OF LAND—
CONTRACT NOT SIGNED BY VENDEE — ACCEPTANCE OF RECEIPT —
STATUTE OF FRAUDS.—In this state, a vendee who has not signed
an executory contract for the sale of land and who has done no
more than pay a part of the purchase price, accepting a receipt
therefor, cannot be compelled specifically to perform.

ID.—SUBSCRIPTION BY PARTY TO BE CHARGED.—Under section 1973 of
the Code of Civil Procedure, and sections 1624 and 1741 of the Civil
Code, declaring that contracts within the statute of frauds are
invalid unless they or some note or memorandum of them "be in
writing and subscribed by the party to be charged or by his agent,"
the "party to be charged" does not mean only the vendor, nor only
the vendee, but means either of them who may be charged in court
with the performance of the obligation.

ID.—SIGNATURE BY VENDEE DEFENDANT NECESSARY.—Under these statu-
tory requirements, when an effort is made to charge the vendee, the
signature of vendor plaintiff to the contract is not sufficient, but the
signature of the defendant vendee is absolutely essential, saving in
the exceptional class of cases where the conduct of the vendee has
amounted to·such a performance or part performance of the con-
tract as to relieve the contract from the necessity of his signature.

ID.—LACK OF MUTUALITY OF REMEDY—COMMENCEMENT OF ACTION BY
PARTY NOT SIGNING.—Such interpretation of the statute does not
render the contract liable to the objection of lack of mutuality of
remedy.   In equity, and under section 3388 of the Civil Code, the
requirement of mutuality of remedy is satisfied when the non-signing
plaintiff enters suit, since by the very bringing of his action he binds
himself to abide by the decree of the court, and so empowers the
court to decree specific performance against him.

PLEADING—OBJECTION TO FORM OF CONTRACT MAY BE TAKEN BY DE-
MURRER.—Where it appears upon the face of the complaint that the
agreement sued upon is within the statute of frauds, and fails to
comply with the requirements thereof, advantage of such defect may
be taken by demurrer.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

T. E. Gibbon, and G. W. Crouch, for Appellant.

Bert F. Mull, and E. B. Coil, for Respondent.

HENSHAW, J.—This action was brought by plaintiff for the specific performance of a contract for the sale of realty, which contract, as pleaded in the complaint, was evidenced by the following written memorandum or receipt:

"Los Angeles, Cal., Jan. 11, 1907.

"Received of H. H. Goldschmidt one hundred dollars, part payment on lot numbered 3, block — Harper's Magnolia Place. Terms; Total price five thousand two hundred and fifty dollars; balance to be paid as follows: $1400.00 cash on delivery of contract, less $250.00 discount as Com. on sale, $1250.00 in 6 months from date—$1250.00 12 months from date, $1250.00 18 months from date and interest at seven per cent semi-annually.

"This receipt is issued subject to the conditions in the regular form of contract and deed given for lots in the herein-mentioned tract.

"Geo. C. Peckham & Co.
"By Geo. C. Peckham."

Plaintiff averred the tender to defendant of the contract mentioned in the receipt and the due performance of all of the terms and conditions upon her imposed by the contract, with defendant's refusal to accept the contract and to pay the moneys due thereunder. A general demurrer to this complaint was interposed and sustained. From the judgment which followed plaintiff appeals.

The principal question presented upon the appeal is whether, under the circumstances here indicated, a vendee who has not signed the contract of sale and who has done no more than pay one hundred dollars upon the purchase price, accepting a receipt therefor, can be compelled specifically to perform. Appellant answers this question by saying that under our statute of frauds and the sections of the code relating to specific performance, and the decisions of this court construing the statute and the code, specific performance should be decreed. Respondent makes answer that under our statute of frauds, and the sections of the code dealing with specific performance, and the decisions of this court expounding the statute and the code, no action will lie and the defendant is not bound. That such a contrariety of

opinion should exist upon a proposition which should be well settled, not only excites surprise, but demands an exposition of it resolving all uncertainty.

Upon the statute of frauds appellant points out that section 1091 of the Civil Code reads as follows: "An estate in real property, other than an estate at will, or for a term of years not exceeding one year, can be transferred only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or his agent thereunto duly authorized"; that section 1971 of the Code of Civil Procedure prescribes that: "No estate or interest in real property, other than for leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument, in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing." From the language of these sections he argues that when in section 1973 of the Code of Civil Procedure and in sections 1624 and 1741 of the Civil Code, it is declared that contracts within the statute of frauds are invalid unless they or some note or memorandum of them, "be in writing and subscribed by the party to be charged, or by his agent," the "party to be charged" is the vendor and not the vendee. And it is said that such is the construction put upon the statue in this state by the cases of *Joseph* v. *Holt,* 37 Cal. 254; *Rutenberg* v. *Main,* 47 Cal. 213; and *Scott* v. *Glenn,* 98 Cal. 170, [32 Pac. 983], while elsewhere this construction receives support; as in Wisconsin, (*Hubbard* v. *Marshall,* 50 Wis. 322, [6 N. W. 497],) in Nebraska, (*Gardels* v. *Kloke,* 36 Neb. 493, [54 N. W. 834],) in Michigan, (*Mull* v. *Smith,* 132 Mich. 620, [94 N. W. 183],) in Montana, (*Ide* v. *Leiser,* 10 Mont. 5, [24 Am. St. Rep. 17, 24 Pac. 695],) and in New York, (*Boehly* v. *Manning,* 52 Misc. 382, [102 N. Y. Sup. 171].)

Upon the proposition that specific performance is a road open to the vendor under the circumstances here presented, it is said that the vendee who has not signed may prosecute such an action against the vendor who has signed. This being admitted, reference is made to section 3386 of the Civil Code,

which declares that: "Neither party to an obligation can be compelled to specifically perform it, unless the other party thereto has performed or is compellable specifically to perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance"; and to such authorities as 1 Wharton on Contracts, sec. 2, where it is said: "The parties to a contract, therefore, must both be bound"; and the language of our adjudications, such as that in *Doe* v. *Culverwell*, 35 Cal. 295, where the well-established principle is enunciated, that, "To be obligatory on either party, a contract must be mutual and reciprocal in its obligations." Upon these principles, it is argued that as the contract is admitted to be enforceable against the vendor, and as it could not be so enforceable without mutuality of obligation, it must be equally enforceable against the vendee.

The English statute of frauds and perjuries of Charles II, to which the similar statutes of all our states owe their origin, used the phrase "party to be charged" in precisely the same manner and to the same effect as it is now used in our sections of the code. A glance at the English cases will establish that the "party to be charged" did not mean the vendor, nor yet the vendee, but it meant the person charged in court with the performance of the obligation—the party defendant. (1 Sugden on Vendors, chap. 4, sec. 3, par. 2; *Thornton* v. *Kempster*, 5 Taunt, 786; *Allen* v. *Bennett*, 3 Taunt. 169; *Seaton* v. *Slade*, 7 Ves. Jr. 265.) It was not the vendor alone whom the statute of frauds and perjuries sought to protect, but the vendee equally. For, as is well said by Ruffin, C. J., speaking for the supreme court of North Carolina: "The danger seems as great that a purchase at an exorbitant price may by perjury be imposed on one who did not contract for it, as that by some means a feigned contract of sale should be established against the owner of the land. Hence the act in terms avoids entirely every contract. of which the sale of land is the subject, in respect of a party—that is, either party —who does not charge himself by his signature, to it, after it has been reduced to writing." (*Simms* v. *Killian*, 34 N. C. 252.)

In 1830 the state of New York changed the language of the English statute and enacted the following: "A contract

for the leasing for a longer period than one year, or for the sale of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration in writing, be subscribed by the lessor or grantor, or by his lawfully authorized agent." In 1850 the state of California passed an act concerning fraudulent conveyances and contracts (Stats. 1850, chap. 114, p. 267), which declared: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." This was an express and admitted adaptation of the New York statute. In turn a similar statute was adopted by the states of Wisconsin, Nebraska, Michigan, and Montana—all of the states upon whose decisions appellant leans to support his contention. It must be apparent that the language of the courts in construing a statute which requires only that the contract shall be signed by the vendor can have no weight either by way of reasoning, or authority, in a case where a statute requires that the contract must be signed by the party to be charged. Such is the situation touching the last two of the cases from this state, relied upon by appellant. *Joseph* v. *Holt*, 37 Cal. 254, was decided under the law expressed in the statutes of 1850. Its language is: "To take a contract for the sale of land out of the statute of frauds a mere note or memorandum in writing subscribed by the vendor or his agent, containing the names of the parties and a summary statement of the terms of the sale, . . . is all that is required." This language is strictly true with reference to the statute as it then stood. So, in *Rutenberg* v. *Main*, 47 Cal. 213, the same remark is applicable to the court's language when it states: "The statute only requires that the memorandum of sale of real property shall be signed by the vendor, or his agent. (Act concerning fraudulent conveyances, secs. 8, 9.)"

As an essential of every contract there must be an agreement and meeting of minds. Thus the agreement must precede the signature to the contract, however speedily thereafter such signature may follow. Before the statute of frauds, an oral agreement could be proved against either party. The

statute of frauds in no way interfered or attempted to interfere with the antecedent oral agreement, but, in effect, declared a rule of evidence that such agreement could not be *proved* unless the essentials of it had been reduced to writing and signed by the party to be charged. By the English statute the party to be charged was either of the parties against whom enforcement of the contract was sought, but by the statute of California until the reversion to the English statute which took place in 1873-4, and by the statutes of New York, Wisconsin, and the other states whose law in this regard is like the early law of California, the statute of frauds was satisfied if the vendor of the property alone signed the contract. There was no such requirement as to the vendee, and consequently, against him, proof of its acceptance could rest in parol. Hence, the repeated declarations from the courts of those states—like the declarations above quoted from the early decisions of this state—to the effect that the statute is satisfied if the memorandum be signed by the vendor. The statute was satisfied because all that it required was that the vendor alone should sign; hence the inapplicability of the decisions of those states to our existing law, (*Guthrie* v. *Anderson*, 47 Kan. 383, [28 Pac. 164].) But in all of the states, like California to-day, where the statute requires the signature of the party to be charged, when effort is made to charge the vendee, it is uniformly held that the signature of the vendor plaintiff is not sufficient, but that the signature of the defendant vendee is absolutely essential, saving in the exceptional class of cases where the conduct of the vendee has amounted to such a performance or part performance of the contract as to relieve the contract from the necessity of his signature.

Nor is there any weight to the objection of lack of mutuality which follows this interpretation of the law. Such objection was early made by Lord Chancellor Redesdale in *Lawrenson* v. *Butler*, 1 Sch. & Lef. 13. It was considered a valid objection by Chancellor Kent in *Clason* v. *Bailey*, 14 Johns. 484, but, as pointed out in *Vassault* v. *Edwards*, 43 Cal. 458, the courts refused to hold it tenable. Says Parsons (Parsons on Contracts, secs. 9, 10) : "The difficulty, therefore, cannot be that the contract is not mutual, but that one of the parties has not obtained the evidence which the statute requires him

to produce to bind the other." In 8 Chitty on Contracts, (Am. Ed.), 4, note, it is said that the reason why a party may sue on a contract although it may be void against him for want of his signature under the statute of frauds is that the signature is prescribed as "necessary evidence of a contract," and not as an essential or constituent part of the engagement itself. In equitable theory the requirement of mutuality of remedy is satisfied when the non-signing plaintiff enters suit, since by the very bringing of his action he binds himself to abide by the decree of the court in chancery and so empowers that court to decree specific performance against him. The commencement of his action is his offer to perform, and the precise situation is met and covered by the provisions of section 3388 of the Civil Code, which declares that, "A party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed, or offers to perform it on his part, and the case is otherwise proper for enforcing specific performance." (*Bird* v. *Potter,* 146 Cal. 286, [79 Pac. 970].) The decision of this court in *Scott* v. *Glenn,* 98 Cal. 168, [32 Pac. 983], must be construed by the light of this principle of mutuality of remedy, where the party not signing seeks the aid of the court. In *Scott* v. *Glenn,* the action was by the non-signing vendee to recover the portion of the purchase price paid by him on the vendor's failure to perform. The vendor, by cross-complaint, alleged due tender of the deed, and demand and refusal of the payment of the balance due, and asked judgment that plaintiff be compelled to accept the deed and pay the balance of the purchase price. It was there insisted that the contract was void against the vendee plaintiff because not signed by him. The court said that the vendor was the party to be charged, as he was in the original action, and that his signature to the contract, taken in connection with the delivery thereof to the vendee and a partial payment thereunder, bound both parties. This was sufficiently accurate, perhaps, for the circumstances of the case, but, in fact, while by the original action the vendor who had signed was the party to be charged, by the cross-complaint the vendee, who had not signed, was the party to be charged, and since the vendee had sought the aid of the court for a recovery growing out of this contract, he made the remedy mutual

and bound himself by his action to abide the judgment of equity upon the whole matter.

But where, as in this case, the contract is wholly executory, and the evidence of it amounts to nothing more than a receipt signed by the vendor, and the alleged part performance is nothing more than the payment of a small amount of money by the non-signing vendee, and the acceptance of a receipt therefor, no case can be found which holds such to be sufficient part performance to relieve from the statute of frauds. In precise point upon this matter is *Guthrie* v. *Anderson*, 47 Kan. 383, [28 Pac. 164]. The statute of Kansas, in which state the case arose, is identical with our own. The necessity of the signature of the party to be charged was pointed out, together with the inapplicability of the decisions of states such as New York and Wisconsin, whose laws differ from our own. It was shown that the statute is satisfied and the non-signing defendant is held where the contract has been executed upon the part of the vendor, or lessor, by the giving of a deed or lease which has been accepted by the vendee or lessee. (*Worrall* v. *Munn*, 5 N. Y. 229, [55 Am. Dec. 330]; *Wilkinson* v. *Scott*, 17 Mass. 249; Wood on Frauds, secs. 222-223.) In such a case the contract has been wholly executed by the one party, and the acceptance of the deed or lease is consistently held to be a sufficient part performance to charge the other party. So, also, in case of executory contracts, where the non-signing vendee enters into possession, or exercises dominion in other ways over the land, it is held that this amounts to such a part performance as will bind the non-signing vendee. But where the act of the vendee is no more than the payment of a small amount of the purchase price, and the acceptance of a receipt for that amount, leaving all of the rest of the contract executory, both upon his part and upon the part of the vendor, no case has been pointed out which holds such acts to amount to a part performance which will bind the vendee. "His refusal to complete the contract after paying part of the purchase money is no fraud upon the seller but his loss." (Fry on Specific Performance, sec. 567.) It is held, therefore, that in this case there was no such part performance as the law contemplates.

The questions here presented arose properly, and were properly decided upon demurrer. "Whenever it appears upon

the face of the declaration, bill, or complaint, that the agreement sued upon is within the statute of frauds, and fails to comply with the requirements thereof, the appropriate mode of taking advantage of the defect is by demurrer." (9 Ency. of Pl. & Pr., p. 704, and cases.)

For the foregoing reasons the judgment appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.