[Civ. No. 2949.  Second Appellate District, Division One.—May 18, 1920.]

B. A. STRAUS, Respondent, v. J. B. EATON et al., Appellants.

[1] CONTRACTS—LEASE OF NEWSPAPER ROUTE—SIGNATURE BY WIFE OF LESSOR WITHOUT AUTHORITY — LIABILITY OF LESSEE FOR NEWS-PAPERS RECEIVED.—A written agreement leasing a newspaper route, signed by the lessee, the name of the lessor being signed by his wife without written authority from him, is binding upon the lessee where he received from the lessor a large number of the newspapers for which, in such instrument signed by him, he promised to pay.

[2] ID.—ORAL ASSIGNMENT—VALIDITY OF.—The lessor of a newspaper route may make an oral assignment of the amount due thereunder from the lessee to him; and he may orally authorize another to make such an assignment.

[3] ID.—ACTION TO RECOVER BALANCE DUE—NUMBER OF PAPERS DE-LIVERED—DEMURRER FOR UNCERTAINTY.—In an action against the lessee of a newspaper route to recover a balance alleged to be due for newspapers delivered under a written lease wherein it is pro-vided that the lessee shall pay a given price per hundred copies, if the complaint fails to state the number of copies delivered, a demurrer on the ground of uncertainty should be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. T. Kendrick for Appellants.

B. F. Woodard and A. W. Hare for Respondent.

CONREY, P. J.—On the first day of August, 1914, one A. V. Dunsmoor was the owner of a newspaper route of the

---

1. Who must sign note or memorandum for the sale of real prop-erty or chattels within the statute of frauds, notes, 47 Am. Rep. 532; 4 Ann. Cas. 893; 6 Ann. Cas. 298; 28 L. R. A. (N. S.) 680.

Necessity that agent have written authority to make memorandum required by statute of frauds, notes, 7 Ann. Cas. 1101; 8 Ann. Cas. 852; Ann. Cas. 1912B, 1295; Ann. Cas. 1917A, 524.

"Los Angeles Daily Times" covering certain territory in Glendale, California. The complaint alleges that on that day Dunsmoor entered into an agreement with defendant Eaton. By the terms of that agreement, as shown in the complaint, Dunsmoor leased to Eaton the described territory of the city carrier service of the "Los Angeles Times," for a period of two years from the date of the writing, August 1, 1914. This writing was signed by the defendant J. B. Eaton, and also was signed, "A. V. Dunsmoor, By Anna A. Dunsmoor," but was not signed by A. V. Dunsmoor. On the same day, defendant Eaton as principal and the other two defendants as sureties executed to A. V. Dunsmoor a bond in the sum of $1,000, conditioned for the performance by Eaton of the terms of said contract. In the alleged contract it was provided that Dunsmoor would furnish papers to Eaton and that Eaton would pay Dunsmoor therefor at the rate of $1.40 per hundred copies. This action was brought to recover an unpaid balance alleged to be due for papers delivered to Eaton under that contract. Judgment was entered against the defendants in the sum of $924.35. On motion for new trial, the court ordered that the motion be granted, unless the plaintiff consented to a reduction of the amount of the judgment to the sum of $716.89. The plaintiff filed written consent to such reduction. The defendants appeal from the judgment.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and on account of sundry uncertainties in the complaint, including the point that the complaint did not show the number of copies of the newspaper that were received by Eaton from Dunsmoor for service on the route mentioned in the complaint. These demurrers were overruled. [1] Appellants claim that the purported contract was invalid, because it was not signed by A. V. Dunsmoor, nor by any person having written authorization from him. (Civ. Code, sec. 1624, subd. 1, and sec. 2309.) It is true that in the complaint it was not alleged that Anna A. Dunsmoor had received any authority in writing from A. V. Dunsmoor to enter into a contract for him or in his name. And at the trial of the action the only attempt on the part of the plaintiff to establish such agency is found in the testimony of Mrs. Dunsmoor that she is the wife of A. V. Duns-

moor, and that prior to August 1, 1914, he told her that he could not attend to the business with Eaton and that she would have to look after the lease matter and attend to the business. But it is likewise a fact that the defendant Eaton received from A. V. Dunsmoor a large number of the newspapers for which, in the written instrument signed by him, he had promised to pay, and that in this action Eaton is, as to the contract, "the party to be charged" thereon. (*Harper* v. *Goldschmidt,* 156 Cal. 245, [134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689, 104 Pac. 451].) In that decision the court quoted Chitty on Contracts, where it was said that the reason why a party may sue on a contract although it may be void against him for want of his signature under the statute of frauds is that the signature is prescribed as "necessary evidence of a contract," and not as an essential or constituent part of the engagement itself. Under the law as thus defined, we think that the contract, as signed by Eaton, was binding upon him. This being so, it furnished a sufficient consideration for the bond, and thus establishes the liability of the sureties on the bond, as well as that of their principal.

[2] Appellant contends also that the evidence is insufficient to support the finding that the claim was assigned by. A. V. Dunsmoor to the plaintiff. Section 954 of the Civil Code provides generally that a thing in action arising out. of an obligation may be transferred by the owner. It is only in particular instances, as in claims for wages or salary, that the assignment must be in writing. (Civ. Code, sec. 955.) So, A. V. Dunsmoor could have made an oral assignment of the indebtedness sued on herein. Therefore he could orally authorize an agent to make the assignment in his behalf. We think that the authorization of Mrs. Dunsmoor, as shown by her testimony, was broad enough to give her power to collect the amount due, and incidentally to assign the claim if in the exercise of her discretion as agent she found such assignment to be necessary or convenient.

[3] The complaint did not show the number of copies delivered. It was only alleged that Dunsmoor furnished papers to Eaton "under the terms of said agreement and during the continuance of said agreement, and upon the price therein stated, in the sum of $1,249.45"; that no part of said sum has been paid, except, etc. When the defend-

ants demurred on the ground of uncertainty directed to this point, plaintiff should have been required to state the number of papers delivered. While this might be regarded as an unimportant error if there were no other objections to the judgment, we rule upon this point so that the error may be corrected if the matter shall be again presented in the court below.

On the evidence introduced, and about which there is no dispute, the amount of the judgment is in excess of the amount due. It was stipulated that the items set out in the bill of particulars correctly show the number and character of the papers furnished. The total number shown, including 4,119 Sunday papers, is 55,326, which at the rate specified in the agreement would amount to $774.56. The complaint admits that $325.10 of the amount due for the papers furnished has been paid. It follows that the findings, with respect to the amount due and unpaid, are not sustained by the evidence. For that reason the judgment is reversed.

Shaw, J., and James, J., concurred.