Argued October 26, 1970, affirmed February 24, 1971

PALMER, *Appellant, v.* WHEELER,
*Respondent.*

481 P2d 68

*Walter I. Edmonds, Jr.*, Redmond, argued the cause
for appellant. With him on the briefs were Larkin,
Bryant & Edmonds and Stanley E. Clark, Redmond.

*J. C. Van Voorhees*, Prineville, argued the cause for respondent. With him on the brief were Bodie, Minturn & Glantz and James F. Bodie, Prineville.

Before O'CONNELL,* Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an action to collect rent payable under a three year lease which was signed by the defendant as the lessee, but not by plaintiff as the lessor. After paying rent for seven months defendant vacated the building subject to the lease, following an alleged oral agreement to terminate the lease. The trial court held that the lease was invalid as contrary to the statute of frauds and dismissed the complaint. Plaintiff appeals.

The facts may be summarized as follows. On April 7, 1965, plaintiff and defendant entered into a written lease for 1,800 square feet of space in a commercial building near Los Angeles, California, for a term of three years at a rental of $200 per month. The remaining 1,800 square feet in the same building remained vacant. In October or November 1965 plaintiff suggested that defendant take over the entire building, including the remaining space, for a total monthly rental of $250 for 12 months, beginning in November 1965, after which the monthly rental would be increased to $350.

It was then agreed that plaintiff would prepare a new lease and it is conceded that the original lease was terminated. Plaintiff then prepared a new lease and left a copy for defendant. Plaintiff testified that

---

* O'Connell, C. J., did not participate in this decision.

he did not sign that copy because he was "waiting for his (defendant's) signature, in case there were any changes." Defendant then signed that copy and delivered it to plaintiff. A change was made in the provision for payment of utilities so as to "except water," but it is not clear who made that change, or when.

Plaintiff testified that upon return of the copy signed by defendant he returned to his office, where he signed the same copy and put it in his files. He never delivered a signed copy to defendant, but produced on trial a copy of the lease bearing signatures of both parties. The trial court found, however, that he did not sign the lease at that time. That finding was apparently based upon evidence that when plaintiff later sent a photocopy of the lease to an attorney in Oregon for the purpose of filing this action, that copy did not bear plaintiff's signature, although it showed defendant's signature.

In any event, beginning in November 1965 defendant increased his rental payments from $200 to $250 and continued such payments through July 1966. At that time, according to defendant, he told plaintiff that his business was not going well and that he wanted to move back to Oregon and asked if that was "agreeable." Defendant testified that plaintiff answered him by saying that this was "acceptable" and "fine" and that he was glad to see defendant leave because he could get "more money" from re-renting the building. Defendant's wife verified that conversation, but plaintiff denied that there was any discussion of giving up or terminating the lease, although admitting the conversation about defendant's moving to Oregon.

At the end of July 1966 defendant returned to Oregon and made no further rental payments. He

then heard nothing from plaintiff until July 1967, a year later, when he received a letter from plaintiff saying that he had been unable to re-rent the building "on your behalf" and demanding rental payments both for the past year and also for the remaining term of the lease, totaling $6,500.

It is conceded by both parties that the question whether this lease was invalid as contrary to the statute of frauds is to be determined under California law, including the California statute of frauds. However, the case was tried before the trial court and appealed to this court on the assumption by both parties that the California statute of frauds included provisions which were the "counterparts" of ORS 41.580 and ORS 93.020 (1).[1]

This is substantially correct.

California Code of Civil Procedure § 1973, provides that:

> "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and *subscribed by the party charged*, or by his agent. Evidence, therefore, of the agreement, can not be received without the writing or secondary evidence of its contents:
>
> "\* \* \* \* \*
>
> "4. An agreement for the leasing for a longer period than one year, \* \* \*" (Emphasis added)[2]

California Code of Civil Procedure § 1971, provides that:

> "No estate or interest in real property, other

---

[1] Counsel were frank in acknowledging that the reason for this understanding was the very practical fact that California statutes and decisions were not available in Crook county, where this case was filed and tried.

[2] Cf ORS 41.580. See also California Civil Code § 1624.

than for leases for a term not exceeding one year, * * * can be created, granted * * * or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, *subscribed by the party creating, granting * * * or declaring the same,* or by his lawful agent thereunto authorized by writing." (Emphasis added)[⊛]

It was held by the trial court that the lease satisfied the requirements of ORS 41.580 and its California "counterpart" (§ 1973), for the reason that such a statute of frauds was satisfied when the document was signed by the defendant, who was the "party to be charged" within the meaning of such a statute, citing 37 CJS 701-2, Frauds, Statute of § 206; 49 Am Jur 686, Statute of Frauds § 384, and Restatement of the Law, Contracts § 211. California cases under § 1973 are in accord. See *Wood Building Corp. v. Griffitts,* 164 Cal App 2d 559, 330 P2d 847 (1958), and cases cited at p 852.

The trial court held, however, that ORS 93.020 and its California "counterpart" was not satisfied because the lease was not signed by plaintiff, as "the party creating, granting * * * or declaring the same * * *," but cited no authority in support of its decision on that point.

It is suggested, to the contrary, that the original purpose of such a statute of frauds was to protect vendors and lessors against the dangers of claims of oral conveyances and leases based upon perjured testimony; that although such a purpose may have validity when an action or suit is filed by a purchaser or lessee who did sign a contract of sale or lease, against a vendor or lessor who did not sign such a contract or lease, it has no validity when the action or suit is filed by a vendor or lessor who did not sign the contract or

---

[⊛] Cf ORS 93.020 (1). See also California Civil Code § 1091.

lease against a purchaser or lessee who did sign such a contract or lease. Thus, it is suggested that to prevent a purchaser or lessee in such a case who had signed the contract or lease (as the "party to be charged") to escape liability because the vendor or lessor had not signed the contract or lease, although admitting its validity, would be to permit the statute of frauds to be used as an instrument of fraud, rather than as a shield against fraud.[⊛]

Since, however, it is conceded that this case is controlled by California law, it is not the function of this court in this case to declare what the law of Oregon is, or should be, on this question and there are no Oregon cases directly deciding this question. Instead, it is our sole function to determine, as best we can, what the law of California is upon this question, according to the decisions of the courts of that state.

Unfortunately, we find no California cases directly in point. We do, however, find strong language, although by dictum, to support the view that a contract of sale or lease not signed by the grantor or lessor, as required by § 1971, is invalid, without regard to whether the validity of such a contract or lease is raised in an action or suit by or against such a grantor or lessor. Thus, in *Store Properties v. Neal*, 32 Cal App 751, 164 P2d 38 (1945), although involving a suit by a lessee against a lessor for specific performance of a written lease which was signed by the lessee, but not by the lessor, the court held, at p 41:

> "Not having been signed by the owner, it was no more than so much conversation. It was ineffective

---

[⊛] For documentation of the history and criticism of the Statute of Frauds, see Josselson, The Ohio Statute of Frauds, 38 U Cin L Rev 135.

as against the statute which requires that a lease of real property for a term exceeding one year must be subscribed by the owner. Civil Code, sec. 1091; Code Civil Proc. § 1971; Harper v. Goldschmidt, 156 Cal. 245, 104 P. 451, 28 L.R.A., N.S., 689, 134 Am. St. Rep. 124."

In *Harper v. Goldschmidt*, 156 Cal 245, 104 P 451 (1909), perhaps the leading California case on this general subject (although involving a contract of sale signed by the vendor, but not by the vendee), the court reviewed in detail the history of the statute of frauds and pointed out, at p 453, that:

"It was not the vendor alone whom the statute of frauds and perjuries sought to protect, but the vendee equally. For, as is well said by Ruffin, C.J., speaking for the Supreme Court of North Carolina: 'The danger seems as great that a purchase at an exorbitant price may by perjury be imposed on one who did not contract for it as that by some means a feigned contract of sale should be established against the owner of the land. Hence the act in terms avoids entirely every contract of which the sale of land is the subject, in respect of a party— that is, either party—who does not charge himself by his signature to it, after it has been reduced to writing.' Simms v. Killian, 34 N. C. 252."

Also, in *Kevich v. R.L.C., Inc.*, 173 Cal App 2d 315, 343 P2d 402 (1959), although involving an alleged oral lease, the contention that the "invalidity," under the statute of frauds of such a lease may be "waived" by a party who did not sign the lease was rejected by the court (after quoting from *Harper v. Goldschmidt. supra*) by holding that:

"A major fallacy in this line of reasoning inheres in the assumption that the *defendant* is *always* the 'party to be charged' and is the *only* 'party to be charged.' Here, defendant was relying upon

the oral sublease and invoking it against the plaintiffs, thereby constituting them the 'party to be charged.' Moreover, another statute requires that the writing be 'subscribed by the party *creating, granting,* assigning, surrendering, or declaring' a lease of real property for a term 'exceeding one year.' (Code of Civ. Proc. § 1971; emphasis added. See also § 1091, Civ. Code.) That, in our case, means subscription by the plaintiffs."

See also *Ser-Bye Corporation v. C.P. & G. Markets,* 78 Cal App 2d 915, 179 P2d 342, at 364 (1947).

This result is also in accord with what is probably still the majority view in other jurisdictions, although not necessarily involving identical statutes of frauds. See *300 West End Ave. Corporation v. Warner,* 223 App Div 267, 228 NYS 44, aff'd 250 NY 221, 165 NE 271 (1928); *Midland Realty Co. v. Manzella,* 308 SW2d 326, 330-1 (Mo App 1957); *Ducett v. Wolf,* 81 Mich 311, 45 NW 829 (1890). See also 28 LRA (NS) 695; 43 LRA (NS) 412. But see *Gartrell v. Stafford,* 12 Neb 545, 11 NW 732, 734 (1882).

■ Based upon the foregoing decisions by California courts we believe that the trial court was correct in holding that the lease was invalid under California Code of Civil Procedure § 1971.

■ No contention was made, by pleading or otherwise, that there was sufficient evidence of part performance to take the case out from the statute of frauds. It is contended by plaintiff on this appeal, however, that even if the lease was invalid under the statute of frauds, it was still enforceable as a contract in an action for damages for breach of contract, citing *Fried v. Cohn-Goodman,* 28 Ohio L Rep 91, 7 Ohio L Abs 713 (1928). That case, however, even if in point,

was superseded by the subsequent case of *Wineburgh v. Toledo Corporation*, 125 Ohio St 219, 181 NE 20, 82 ALR 1315 (1932), which rejected such a contention. We agree with the decision in *Wineburgh* on this point.

In view of this decision it is not necessary to consider the questions of fact whether there was a sufficient meeting of the minds upon all terms of the lease and whether there was a subsequent surrender of the lease, followed by an acceptance of possession by the plaintiff.

For all of these reasons, the decree of the trial court in this case is affirmed.